**ERIE INSURANCE COMPANY,**
Appellee,

v.

**Shirley BULLARD, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 23, 2003.
Filed Nov. 24, 2003.

William E. Averona, Philadelphia, for appellant.

Jeffrey C. McElroy, Philadelphia, for appellee.

Before: STEVENS, BOWES and MONTEMURO *, JJ.

BOWES, J.

¶ 1 Shirley Bullard appeals from the order denying her petition to open or strike a default judgment entered in favor of

* Retired Justice assigned to the Superior Court.

Erie Insurance Group ("Erie"). Upon review of the record, we reverse the trial court's order and strike the judgment.

¶ 2 The following facts are relevant. On December 30, 2000, Appellant reported the theft of her 1996 Ford Taurus. At the time, Appellant resided with her twenty-eight-year-old son, Ron Bullard, and her thirty-three-year-old daughter, Relaida Bullard. Mr. Bullard was the last person to use the automobile prior to the theft. On the evening of December 29, 2000, Mr. Bullard secured the automobile and parked it in the rear of Appellant's residence in front of her garage. The next morning, the car was missing. The automobile was recovered on February 13, 2001, with no damage indicative of theft. The windows were intact, the steering column was not broken, and there was no trash or personal objects in the car. Erie informed Appellant that it would tow the car back to her residence, but Appellant refused, stating that she no longer wanted the car. Erie returned the vehicle to her nonetheless.

¶ 3 Erie continued its investigation into the suspicious circumstances surrounding Appellant's claim. Appellant's cooperation with the investigation was limited. She refused to allow Erie to depose Mr. Bullard, and she failed to produce certain documents that Erie requested. Appellant did agree, however, to provide a sworn statement and answer questions while under oath. Arthur Alexion, Esquire represented Appellant during the deposition. At the conclusion of its investigation, Erie determined that it was not liable to Appellant for the alleged theft because Appellant made material misrepresentations and failed to cooperate with investigators, as she was required to do under the insurance policy.

¶ 4 On August 24, 2001, Erie commenced this action by filing a complaint seeking a declaration absolving it from liability under the insurance policy and demanding damages under the civil provision of Pennsylvania's insurance fraud statute, 18 Pa. C.S. § 4117, for the cost of investigating Appellant's fraudulent claim. Appellant failed to respond to the complaint, and Attorney Alexion never entered his appearance. Erie obtained a default judgment against Appellant but later withdrew the judgment because service was improper.

¶ 5 On January 4, 2002, Erie sent Appellant notice of its intent to praecipe for entry of default judgment by mail to Mr. Alexion's office. Neither Appellant nor Mr. Alexion responded to the notice. On January 29, 2002, upon praecipe of Erie, the prothonotary entered a default judgment against Appellant.

¶ 6 Having established Appellant's liability, the trial court scheduled a hearing on July 1, 2002, to assess Erie's damages. Appellant attended the trial, but Mr. Alexion was absent. Appellant informed the court that Mr. Alexion would be late because he was in a criminal trial. The trial court's tipstaff confirmed this in a telephone conversation with Mr. Alexion. When Mr. Alexion never arrived, the trial court held a truncated proceeding in his absence. The court allowed Erie to present documentary evidence of its damages without laying a testimonial foundation. In addition, it conducted a colloquy and informed Appellant of the procedural posture of the case. Appellant, speaking on her own behalf, stated that she was unaware of the default judgment entered against her on January 29, 2002. The trial court reiterated that judgment had been entered against her and explained the nature of the assessment trial. Appellant did not oppose Erie's damage assessment, and the trial court entered a verdict in favor of

Erie for the amount it requested, $10,056.60.

¶ 7 Appellant did not file post-trial motions or perfect an appeal. Instead, nearly three months later, she filed an answer to the complaint and a motion to open or strike the default judgment based, in part, upon the faulty service of the ten-day notice of intent to enter default judgment. In addition, Appellant filed a motion for leave to file a post-trial motion *nunc pro tunc* on the basis that Mr. Alexion had been placed on inactive status as of August 21, 1999, and was not licensed to represent her at any point during this matter. On October 30, 2002, the trial court denied Appellant's petition to open or strike the default judgment, and by separate order, it denied the motion for post-trial relief *nunc pro tunc*. This appeal followed.

¶ 8 Appellant raises the following issues for our review:

I. Whether the trial court erred in denying the petition to open and strike the default judgment when Appellant did not receive proper notice of intent to enter default judgment.

II. Whether the trial court erred in refusing to grant Appellant leave to file a motion for post-trial relief *nunc pro tunc* when she was represented by a person who was not authorized to practice law in the Commonwealth and was never informed by him of the default judgment against her.

III. Whether the trial court erred in accepting written evidence of Erie's damages without a proper testimonial foundation.[1]

¶ 9 We find that Appellant's first argument has merit, and we vacate the default judgment entered against her in this matter as void *ab initio*. Therefore, we do not address Appellant's remaining claims.

¶ 10 Although Appellant's petition is labeled, "Petition to Open and Vacate Judgment," the substance of the petition implicates aspects of both a petition to strike a default judgment and a petition to open a default judgment. A petition to strike a default judgment and a petition to open a default judgment request distinct remedies and generally are not interchangeable. *See Williams v. Wade*, 704 A.2d 132 (Pa.Super.1997). A petition to open is an appeal to the discretion of the trial court; hence, we cannot reverse the trial court's determination absent a manifest abuse of discretion or error of law. *Penn–Delco School Dist. v. Bell Atlantic–Pa, Inc.*, 745 A.2d 14 (Pa.Super.1999). Conversely, a petition to strike a default judgment should be granted where a fatal defect or irregularity appears on face of record. *U.K. LaSalle, Inc. v. Lawless*, 421 Pa.Super. 496, 618 A.2d 447 (1992). "A court may only look at the facts of record at the time judgment was entered to decide if the record supports the judgment. A petition to strike does not involve the discretion of the court." *Triangle Printing Co. v. Image Quest*, 730 A.2d 998, 999 (Pa.Super.1999). As Appellant's dispositive argument raises an issue that is properly framed as a petition to strike, we address it as such.

¶ 11 Appellant alleges that Erie improperly served her with notice of its intent to praecipe for default judgment pursuant to Pa.R.C.P. 237.1, and that defect, which is apparent on the face of the record, voids the default judgment and the damage award that flowed from it. Erie concedes that it did not send the notice to Appellant directly but contends that Appellant has waived this argument on appeal pursuant to Pa.R.A.P 2119(a) for failing to develop a legal argument or cite to

---

1. We have restated the issues raised in Appellant's brief.

pertinent authority. We disagree with Erie's contention. Although Appellant's legal argument admittedly is slight, she cites Pa.R.C.P. 237.1(a), the dispositive authority in this matter.

¶ 12 Pursuant to Pa.R.C.P. 237.1(a), a party seeking default judgment must provide the opposing party with a ten-day notice of its intent to obtain a default judgment. That section provides as follows:

(2) No judgment of non pros for failure to file a complaint or by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered

. . . .

(ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe **to the party against whom judgment is to be entered and to the party's attorney of record, if any.**

Pa.R.C.P. 237.1(a)(2)(ii) (emphasis added). The rule seeks to ensure that default judgments are not entered without the defendant's knowledge. *Brown v. Great Atlantic & Pacific Tea Co.*, 314 Pa.Super. 78, 460 A.2d 773 (1983).

¶ 13 A record that reflects a failure to comply with Rule 237.1 is facially defective and cannot support a default judgment. *Fierst v. Commonwealth Land Title Ins. Co.*, 369 Pa.Super. 355, 535 A.2d 196 (1987). Furthermore, since the prothonotary lacks authority to enter judgment under these circumstances, the default judgment would be void *ab initio*. *See Fountainville Historical Farm Ass'n of Bucks County, Inc., v. Bucks County*, 340 Pa.Super. 412, 490 A.2d 845 (1985) (prothonotary lacks authority to enter de-

fault judgment where fatal defect appears on face of record).

¶ 14 Having outlined the applicable law, the issue we must resolve is whether Erie complied with Rule 237.1 when it forwarded the notice of its intent to praecipe for entry of default judgment to Mr. Alexion, who never entered his appearance in the matter and was not authorized to practice law, rather than mail a separate notice to Appellant directly as the rule provides. After reviewing the applicable authority, we find that Erie's performance was inadequate.

¶ 15 We observe that the rule explicitly requires that notice be served on the defendant **and** the attorney of record. The legislative comment to Rule 237.1 explains the purpose of the dual service requirement as follows:

Rule 237.1(a)(2)(ii) requires the notice of intention to enter a judgment by default to be mailed or delivered both to the party against whom judgment is to be entered and, if represented, to the party's attorney of record. Dual service is required for two reasons. First, there may be delays in transmittal of process and pleadings from the client to his attorney. This often occurs where papers are forwarded by a party to his insurer through an intermediary, such as an insurance agency. Often the papers never get to defendant's attorney until after the time for filing a responsive pleading has expired. Notice to the party will alert him that there may have been some failure in transmission and prompt inquiry of his insurer may correct this.

Second, even if an appearance has been entered, notice to the client as well as the attorney may have a salutary effect in speeding up action by a dilatory attorney.

Explanatory comment to Pa.R.C.P. 237.1, (1994).

¶ 16 In *Giallorenzo v. American Druggists' Insurance Co.,* 301 Pa.Super. 294, 447 A.2d 974 (1982), we examined a similar issue and found that a letter requesting a defense attorney to file an answer within ten days or suffer default judgment did not constitute proper notice under Pa. R.C.P. 237.1, in part, because it was not mailed to the defendant personally. In resolving the case, we indicated that notwithstanding its form, the notice was faulty because it was not mailed to the defendant independently. "[The letter] did not constitute the notice required under 237.1(a). This would be so on the basis that the letter was only mailed to the Defendant's attorney and not also to the Defendant itself, as required by the rule." *Id.* at 976. Consequently, we affirmed the trial court's decision to strike the default judgment against the defendant. The record before us demands a similar result.

¶ 17 By mailing the ten-day notice of intent to enter a praecipe for default judgment only to Mr. Alexion, Erie disregarded the letter, spirit, and purpose of the rule requiring dual service. Consequently, Appellant never was informed of Erie's intention to enter default judgment and was denied the opportunity to address the issue with Mr. Alexion, her dilatory attorney. In light of the express language of the rule, we conclude that Erie's chosen method of service failed to comply with the notice requirement contained in the rule. Furthermore, consistent with *Giallorenzo,* we find that Erie's non-compliance constitutes a facial defect that supports striking the default judgment. *Id.*

¶ 18 Next, we must determine whether Appellant's petition had to be filed within a reasonable period following the entry of the default judgment. Our determination depends upon whether the facial defect rendered the default judgment void or voidable. In *Williams,* we explained that where a judgment merely is voidable, a petition to strike can be granted only if it is filed within a reasonable period following the entry of judgment. *Williams, supra* at 135. However, timeliness is not a factor where the underlying judgment is void, and petitions to strike void judgments are granted regardless of any delay. *Id.* For the following reasons, we find that the default judgment against Appellant is void *ab initio,* and the timeliness of the petition is irrelevant.

¶ 19 Erie's non-compliance created a facial defect which denied the prothonotary the authority to enter the judgment. *See Fountainville Historical Farm Ass'n of Bucks County, Inc., supra.* Since the prothonotary was without authority to enter judgment against Appellant, the judgment is void *ab initio. See Jones v. Seymour,* 321 Pa.Super. 32, 467 A.2d 878, 880 (1983) (emphases added), ("unauthorized entry of judgment by the prothonotary renders the judgment **void,** and . . . such a judgment **must be stricken without regard to the passage of time,** if its defectiveness is apparent on the face of the record."). Thus, the unauthorized default judgment is a nullity. *See Mullen v. Slupe,* 360 Pa. 485, 490, 62 A.2d 14, 16 (1948) (judgment "entered without authority . . . is no judgment at all so far as it affects the rights of the defendants.") (quoting *Long v. Lemoyne Borough,* 222 Pa. 311, 318 71 A. 211, 212 (1908)).

¶ 20 Based on the foregoing, we hereby reverse the trial court's order denying Appellant's petition to strike the default judgment.

¶ 21 Order reversed. Judgment stricken. Jurisdiction relinquished.