

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2007

# Kramer v. Kubicka

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3355

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Kramer v. Kubicka" (2007). *2007 Decisions.* Paper 1490.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1490

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3355
_____

KURT H. KRAMER; MARIA E. KRAMER,

Appellants
v.

THOMAS KUBICKA; BONNIE KUBICKA
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-02621)
District Judge: Honorable William J. Martini
_____

Submitted Under Third Circuit LAR 34.1(a)
January 30, 2007

BEFORE: SLOVITER, McKEE and AMBRO, <u>CIRCUIT JUDGES</u>

(Filed: March 13, 2007)

_____

OPINION
_____

PER CURIAM

Appellants Kurt and Maria Kramer, proceeding <u>pro</u> <u>se</u>, appeal the District Court's

entry of summary judgment in favor of Appellees, Thomas and Bonnie Kubicka. For the

reasons that follow, we will affirm.

Appellants are a married couple who had a longstanding personal relationship with Appellees, also a married couple. Between 1978 and 1993, Appellees made periodic loans to Appellants, totaling $28,700. Appellants signed a note for each of the loans, which were made at a range of interest rates. Appellants made interest-only payments on these notes until March 1994, at which point they stopped making payments entirely. In February 1998, they instituted a bankruptcy action, which was dismissed in May 1999 for failure to present a workable plan. The following month, Appellees filed an action against Appellants in the Court of Common Pleas in Bucks County, Pennsylvania demanding the total outstanding on the notes plus interest, for a sum of $53,187.20. According to Appellants, after their attorney failed to file an answer, default judgment was entered against them on September 3, 2000. On May 16, 2001, Appellants wrote a check to Appellees for $59,500. The check was cashed on May 18, 2001. Satisfaction was entered in Pennsylvania on July 3, 2001 and in New Jersey on August 7, 2001.

On May 18, 2005, Appellants initiated this lawsuit in the United States District Court for the District of New Jersey. In their complaint, Appellants allege violations of New Jersey and Pennsylvania usury laws, the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. Appellees moved to dismiss the complaint on a number of grounds, including expiration of the statute of limitations. Appellants moved for summary judgment. The District Court converted Appellees' motion to dismiss to one for summary judgment and granted it, holding that Appellants' state law claims were

barred by <u>res judicata</u>, and that their federal claims, to the extent they were not also barred by <u>res judicata</u>, were time-barred. Appellants filed the instant appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment <u>de novo</u>. <u>Pennsylvania Coal Ass'n v. Babbitt</u>, 63 F.3d 231, 236 (3d Cir. 1995). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Carrasca v. Pomeroy</u>, 313 F.3d 828, 832-33 (3d Cir. 2002).

The District Court held that both Appellants' RICO and TILA claims were time-barred. We agree. As the District Court noted, TILA claims are subject to a one-year limitations period, 15 U.S.C. § 1640(e), and RICO claims to a four-year limitations period. <u>See</u> <u>Agency Holding Corp. v. Malley-Duff & Assocs., Inc.</u>, 483 U.S. 143, 156 (1987). We have held that a RICO claim accrues when a plaintiff knew or should have known of the injury alleged. <u>See</u> <u>Prudential Ins. Co. of Am. v. U.S. Gypsum Co.</u>, 359 F.3d 226, 233 (3d Cir. 2004). The injury Appellants complain of is the alleged collection of an "unlawful debt" as defined by 18 U.S.C. § 1961(6). We agree with the District Court that the last payment that could so qualify was made by Appellants in 1994, and therefore does not satisfy the four-year limitations period.

Appellants contest this conclusion, relying on their argument that the default judgment is void <u>ab initio</u> due to Appellees' failure to serve them personally, in addition to serving their attorney, as required by Pa. R. Civ. P. 237.1(a)(2)(ii). <u>See</u> <u>Erie Ins. Co. v.</u>

3

<u>Bullard</u>, 839 A.2d 383, 387 (Pa. Super. Ct. 2003).  Because they claim that the default judgment is therefore a nullity, they maintain that their payment of $59,500 should also be considered a predicate act.  We disagree.  A judgment entered by a court of competent jurisdiction does not fall within the definition of an "unlawful debt" as defined by the RICO statute.  <u>See</u> 18 U.S.C. § 1961(6).  As no court has declared the default judgment null, we continue to consider it valid.

With respect to Appellants' state law claims, because we affirm the District Court's dismissal of Appellants' federal claims, we conclude that the District Court could have declined to exercise supplemental jurisdiction over these claims.  <u>See</u> 28 U.S.C. § 1367(c)(3); <u>see also</u> <u>Growth Horizons, Inc. v. Delaware County, Pennsylvania</u>, 983 F.2d 1277, 1284-85 (3d Cir. 1993).

Accordingly, we conclude that the District Court properly entered summary judgment in favor of Appellees and will affirm its order.