WRIGHT PADILLA, J.,
Appellant, Cigar Factory Partners, appeals from this court’s order denying its petition to open judgment.
FACTUAL AND PROCEDURAL HISTORY
On August 20, 2013, appellee, Cigar Factoiy Condo Association, commenced this case by petition to confirm arbitration award.
On September 2, 2013, appellee filed an affidavit of service stating that the petition had been served upon appellant by personal service to Karen Wozinica, an agent or person in charge of the place of business, on August 23, 2013 at 530 S. 2nd Street, Philadelphia, PA.
On September 17, 2013, this court granted appellee’s petition and confirmed the July 1, 2013, arbitration award in favor of appellee and against appellants in the amount of $61,064.00.
On April 10, 2014, appellee filed a praecipe for writ of execution, which was returned July 3,2014 after a stay by *52 appellee’s attorney.
On May 22, 2014, appellee filed two affidavits of service, averring that the notice of sale had been served upon appellant by personal service at 530 S. 2nd Street, Philadelphia, PA and posting of the premises of 1808 Spruce Street, Philadelphia, PA on May 13, 2014.
On July 9, 2014, appellant filed a petition to open judgment, averring that: it is a Pennsylvania Limited Liability Company headquartered at 1808 Spruce Street, Philadelphia, PA; that appellant was not sent notice about an arbitration in the matter; has not seen proof of arbitration; that appellant was never properly served with the petition to confirm; and that it was unaware of the matter until it was served with notice of a sheriff’s sale of the property located at 1147-53 N. 4th Street, Unit CYB.
On July 24, 2014, appellee filed its response, averring that appellant was notified ofthe arbitration andparticipated in the proceeding; that appellant and additional appellant were found jointly and severably liable; and denying all other allegations.
On October 14, 2014, this court heard argument on the merits of the petition. Appellant’s counsel stated that he had “misunderstood the petition” and that his client was aware of the arbitration last year but was not aware of the date. N. T. at 4-5. Appellant further stated that the property was subject to another litigation, and thus he did not believe it was wise to spend money trying to open the judgment if the property was not his; however, the litigation was subsequently settled. N.T. 6. Appellee and *53 appellant’s counsel stipulated that appellant had been served with notice of the hearing before this court. N.T. at 7-8. Although appellant’s principal did not appear to testify, counsel for appellant argued that though he knew he was involved in arbitration, he had not received notice of the arbitration date. N.T. at 16.
Appellee presented evidence that: notice of the arbitration claim had been served on appellant’s principal Gagan Lakhmna at 1808 Spruce Street; that Lakhmna had signed for the letter; that an attorney had entered his appearance on behalf of appellant; that appellant’s principal had sent an email to all parties involved stating that he could not make the arbitration hearing date; an email showing that the arbitrator had set a preliminaiy hearing conference call which appellant’s principal did not join; an email from appellant’s principal stating that he had come down with a fever and could not make the hearing; an email generated June 4, 2013 from the AAA to all parties notifying them of the arbitration hearing set for June 6, 2013; and a July 2, 2013 letter from the AAA to appellant’s principal via email and certified mail at his office address transmitting a copy of the arbitration award against him and his company in the amount of $61,064.00 plus attorney’s fees. N.T. at 10-12.
That same day, this court denied appellant’s motion to open and/or strike judgment.
OnNovember 4,2014, the property was sold at sheriff’s sale for $10,300.00.
On November 10, 2014, appellant filed a timely notice *54 of appeal to the Superior Court of Pennsylvania.
On November 12, 2014, this court issued its order pursuant to Pa. RAP. 1925(b), directing appellant to file its concise statement of matters complained of on appeal within twenty-one (21) days.
On December 3, 2014, appellant filed its concise statement of matters complained of on appeal, arguing that this court erred in denying its petition to “strike/open judgment” where appellant was never properly served; and where appellant had timely filed its petition, did not have notice of the underlying arbitration, and had a meritorious defense based on appellee’s “extreme overcharging of condominium fees.”
DISCUSSION
Appellant attacks this court’s denial of its petition to strike and/or open judgment. In order to obtain relief from the entry of a default judgment, the law provides two distinct remedies — an aggrieved party may file a petition to strike the default judgment and/or a petition to open the default judgment. Mother's Rest. Inc. v. Krystkiewicz, 2004 PA Super 411, 861 A.2d 327, 336 (Pa. Super. Ct. 2004). They are generally not interchangeable; a petition to strike does not involve the discretion of the court but is a demurrer to the record. Id. A petition to open judgment, on the other hand, is an appeal to the equitable powers of the court. Id.
The standard of appellate review is that of abuse of discretion with regard to the petition to open only; the *55 court’s decision will not be reversed absent an abuse of discretion or error of law. Erie Ins. Co. v. Bullard, 2003 PA Super 448, 839 A.2d 383, 386 (2003).
I. PETITION TO STRIKE DEFAULT JUDGMENT
As noted above, a petition to strike is a demurrer to the record. Mother’s Rest., Inc., 861 A.2d at 336. Such a demurrer “admits all well-pleaded facts for the purpose of testing conclusions of law drawn from those facts,” and the court may only look at the facts of record at the time the judgment was entered to decide if the record supports the judgment. Id. A petition to strike may be granted only if a fatal defect appears on the record. Id. See also U.K. LaSalle, Inc. v. Lawless, 421 Pa. Super. 496, 618 A.2d 447 (1992). A petition to strike does not involve the discretion of the court. Triangle Printing Co. v. Image Quest, 730 A.2d 998, 999 (Pa. Super. 1999).
Appellant argues that the judgment should be stricken as it was not served. This petition to confirm an arbitration award was commenced August 20, 2013. On September 2, 2013, appellee filed an affidavit of service stating that Karen Wozinica, the person in charge of appellant’s offices, was served on August 23, 2013 at 2:10 PM at 530 South 2nd Street in Philadelphia, Pennsylvania. On September 17,2013, this court entered judgment in favor of appellee.
At the time judgment was entered, the record reflected that service had been properly made.
Thus, there was no ground provided on which to strike *56 the judgment.
II. PETITION TO OPEN DEFAULT JUDGMENT
Petitions to open judgment are appeals to the discretion of the trial court and will not be reversed absent a manifest abuse of discretion or error of law. Erie Ins. Co. v. Bullard, 2003 PA Super 448, 839 A.2d 383, 386 (2003). Petitions to open judgment must show that: the petition was promptly filed; the failure to appear or file a timely answer must be excusable; the party seeking to open the judgment must show a meritorious defense. Mother’s Rest., Inc., 861 A.2d at 336. The court may consider facts not before it at the time judgment was entered. Id.
a. Prompt Filing
The timeliness of a petition to open is measured from the date that notice of the entry of default was received; while there is not a specified time period, the court should consider the length of time between discovery of the entry of default, and reason for the delay. Myers v. Wells Fargo Bank, N.A., 2009 PA Super 241, 986 A.2d 171, 176 (2009).
In the instant case, judgment was entered September 17, 2013. Appellant averred that it was not made aware of the arbitration and ensuing petition until it was served by posting of the property at 1147-53 N. 4th Street, Unit CYB, with notice of sheriff’s sale. Its petition to open judgment was filed July 9, 2014; two hundred and ninety-five (295) days after the date of commencement of this case, fifty-seven (57) days after the date appellee served appellant per the affidavits of service, and twenty (20) days after the *57 date appellant averred it discovered the default.
However, as noted above, evidence was presented to note that appellant’s principal had previously signed for service of the notice of arbitration, had participated in email correspondence regarding the scheduling of the arbitration hearing, and that notice of the award had been sent to appellant’s principal both by email and by certified mail to his office address. Thus the reason proffered for the delay, i.e. that appellant had received no notice of the arbitration, award, or filing of the petition, is not a credible one.
Accordingly, this court denied appellant’s untimely petition.
b. Reasonable Excuse
Appellant’s sole explanation offered for its failure to respond is it did not have knowledge of the arbitration and judgment. As discussed more extensively above, however, this court found that appellant did have knowledge of the action and was properly served.
Additionally, at the hearing before this court, appellant’s counsel represented to this court that that property had been the subject of litigation between appellant and a third party. N.T. at 5-6. Appellant’s principal believed that the third party “was going to take this property back, and therefore he didn’t think it was wise to spend money trying to open the judgment or fight about it because he didn’t think the property was going to be his, so that’s why it took almost a year to deal with this.” N.T. 5-6.
*58 Consequently, this court found appellant had not provided a reasonable excuse for the delay.
c. Meritorious Defense
Finally, appellant avers that it has pled a meritorious defense. The requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief. Smith v. Morrell Beer Distributors, Inc., 2011 PA Super 183, 29 A.3d 23, 26 (2011). A defendant must set forth such a defense in “precise, specific, and clear terms.” Id. Appellant has already failed two of the three prongs required to open the judgment; however, this court will nevertheless address his meritorious defense claim despite this. Appellant argues that it had a meritorious defense to the claims “based on plaintiff/respondent’s extreme overcharging of condominium fees.”
The original petition to confirm the arbitration award stated that appellants, as owners of certain condominium units at the Cigar Factory Condominium, and owed money for monthly condominium assessments associated with the units along with late fees, attorneys’ fees, and costs associated with collection. The petition included the declaration of condominium and associated rules, providing for the liability of owners. Appellants’ defense, as stated, is that it has not breached any duty owed to appellees and that if “any” condo fees are owed, such fees are significantly less than the judgment.
Appellants have not plead a clear, meritorious defense that would justify relief at trial.
*59 CONCLUSION
For all of the reasons stated above, this court’s decision should be affirmed and appellant’s appeal denied.