J-A02007-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWMBS INC., CHL MORTGAGE PASS-THROUGH TRUST 2007-17, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-17 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAYEEDA CHUGHTAI | |
| Appellant | No. 1376 EDA 2014 |

Appeal from the Order of April 7, 2014
In the Court of Common Pleas of Bucks County
Civil Division at No.: 2011-10305

BEFORE:  PANELLA, J., LAZARUS, J., and WECHT, J.

CONCURRING MEMORANDUM BY WECHT, J.:       **FILED MARCH 20, 2015**

I agree with the learned majority that the trial court's order must be affirmed pursuant to this Court's decision in ***U.S. Bank, N.A. v. Mallory***, 982 A.2d 986 (Pa. Super. 2009).  I write separately to address this Court's more recent decision in ***J.P. Morgan Chase Bank, N.A., v. Murray***, 63 A.3d 1258 (Pa. Super. 2013), which Appellant Sayeeda Chughtai cites, but which the majority does not discuss.

Pennsylvania Rule of Civil Procedure 3132 provides as follows regarding the requirements for setting aside a sheriff's sale:

**Rule 3132.  Setting Aside Sale**

Upon petition of any party in interest **before delivery of the** . . . **sheriff's deed to real property**, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132 (emphasis added).  It is well-settled that, once the sheriff's deed has been delivered to the sheriff's sale purchaser, the sale may be set aside only for "fraud or [the sheriff's] lack of authority to make the sale." ***Mortgage Elec. Reg. Sys., Inc. v. Ralich***, 982 A.2d 77, 80 (Pa. Super. 2009).  In this case, the sheriff's deed was acknowledged by the Bank of New York Mellon ("BNY") approximately one week before Chughtai filed his petition.  ***See*** Deed Poll, CPN #06-009-032, 9/18/2013, at 3.  Chughtai does not assert fraud, leaving his right to relief contingent upon his ability to establish that the sheriff lacked authority to make the sale.

In his petition to set aside the sheriff's sale, Chughtai made only the following bald allegation regarding the sheriff's authority:  "As of the date of [default] judgment, [BNY] was not the record assigned mortgagee nor recipient of the subject note such as to allow it to have taken judgment."  Defendant Chughtai's Motion to Set Aside Plaintiff's Sheriff's Foreclosure Sale at 1 ¶ 4 (citing ***Mallory***, *supra*).  The difficulty here is that, despite undisputedly having received personal service of BNY's foreclosure complaint on the subject property, Chughtai did not contest BNY's complaint, which led to the entry of a default judgment.  Chughtai also did not later seek to open or strike that default judgment in a timely matter, effectively acquiescing to

the judgment. Because the sheriff's authority lay in the writ of execution entered upon the default judgment, which Chughtai also did not challenge, only by establishing that the default judgment was void *ab initio* might Chughtai prevail in his challenge to the sheriff's sale.

As noted, Chughtai never filed a petition to open or strike the default judgment. Because "[a] petition to open a judgment is addressed to the equitable powers of the court and is a matter of judicial discretion," and because a petition to open must be filed "promptly"[1] and provide an excuse for the failure to appear to defend the complaint in the first instance, ***see Schultz v. Erie Ins. Exch.***, 477 A.2d 471, 472 (Pa. 1984), it seems clear to me that this is relief to which Chughtai cannot credibly seek by whatever means. A petition to open implicates a trial court's discretion; it does not concern jurisdictional matters or other wants of authority to enter judgment that are the proper subject of a petition to strike.

Turning to whether a duly presented petition to strike the judgment could have prevailed, we have held that such a petition "operates as a

---

[1]     Pennsylvania courts seldom will review a petition to open that is not filed within a few weeks of the entry of judgment. ***See Flynn v. Amer. W. Airlines***, 742 A.2d 695, 698 (Pa. Super. 1999) (noting that delays of fewer than three weeks may be deemed insufficiently prompt, and deeming "generous" the trial court's determination in that case that twenty-four days satisfied the promptness prong); ***Carducci v. Albright Galleries, Inc.***, 366 A.2d 577, 579 (Pa. Super. 1976) (finding delay of fifty-four days insufficiently prompt, and citing cases finding fifty-five-day, twenty-seven-day, and three-week delays insufficiently prompt).

demurrer to the record. As such, it is not a matter calling for the exercise of discretion. A petition to strike a judgment may be granted only where a fatal defect in the judgment appears on the face of the record." ***U.K. LaSalle, Inc. v. Lawless***, 618 A.2d 447, 449 (Pa. Super. 1992). Unlike a petition to open a judgment, which is always subject to the promptness requirement, only under certain circumstances does timeliness matter in the context of a petition to strike. The determination of whether a petition to strike must be filed within a "reasonable period following the entry of [a] default judgment" depends upon "whether the facial defect rendered the default judgment void or voidable." ***Erie Ins. Co. v. Bullard***, 839 A.2d 383, 388 (Pa. Super. 2003). A voidable judgment may be stricken only when the petition is filed "within a reasonable period following the entry of the judgment." ***Id.*** Conversely, timeliness is immaterial when the underlying judgment is void *ab initio*. ***Id.*** "[W]here a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter default judgment and the default judgment will be considered void." ***Mallory***, 982 A.2d at 991.[2]

---

[2] Although I have found no authority suggesting that, even in case of a fatal defect, relief may be sought procedurally through a pleading other than a petition to strike an unauthorized judgment, it seems at least colorable that such would be the case. That such a circumstance eliminates the promptness requirement on a petition to strike suggests the corollary that the want of proper authority is so grave as to trump the precise method by which the lack of authority is pleaded. For the reasons set forth herein and
*(Footnote Continued Next Page)*

In **Mallory**, upon which the majority relies, we found the face of the record sufficient where the foreclosing party pleaded the existence and date of the mortgage, the fact that the foreclosing party was the legal assignee of the mortgage, and that the foreclosing party was in the process of formalizing the assignment by recordation. That the assignment had not in fact been recorded at the time that the complaint was filed did not render the record deficient on its face such that the judgment was void; at most it merely was voidable. **Id.** at 992-93.

In the instant case, the foreclosure complaint in fact was **more** informative than the complaint in **Mallory**, which we found adequate to avoid a finding that the judgment was void *ab initio*. As in **Mallory**, BNY in this case pleaded that it was the holder of the underlying mortgage, satisfied all other pleading requirements for such a complaint, and attached the mortgage to the complaint.[3] **Compare** Complaint at ¶ 3 **with Mallory**, 982 A.2d at 992. Indeed, in this case, unlike in **Mallory**, BNY averred that the assignment of the mortgage had been recorded; in **Mallory**, the plaintiff only asserted that an assignment had occurred and that the plaintiff was in the process of recording the assignment. This Court held that the substantive requirement of such an averment was to ensure that the

_(Footnote Continued)_ _____

in the majority's memorandum, this case does not require us to address the question.
[3] **See** Pa.R.C.P. 1147 (specifying pleading requirements for complaint in foreclosure).

- 5 -

plaintiff's complaint "sufficiently put [the mortgagor] on notice of [the plaintiff's] claim of interest with regard to the subject mortgage." 982 A.2d at 993. It is clear that, in this case, Chughtai received ample notice of BNY's claim of interest via personal service of the foreclosure complaint.

Chughtai contends that, in *Murray*, *supra*, this Court held that "[i]n order to have 'authority' to foreclose upon a mortgage, the foreclosing [party] must have a pre-judgment assigned mortgage and [a] negotiated transferred note." Brief for Chughtai at 12. In effect, Chughtai does not dispute that, per *Mallory*, BNY duly pleaded that it was the assignee of the mortgage, but implies that *Murray* limited *Mallory* by holding that a foreclosing party may not seek judgment, by default or otherwise, unless it establishes possession of the **note**, as distinct from the mortgage. Chughtai contends that, because BNY did not plead possession of the note or attach it to its complaint in foreclosure, the record was defective on its face, the prothonotary lacked authority to enter default judgment, BNY was not entitled to a writ of execution, and the sheriff therefore lacked authority to conduct a sale of the property.

Even if this all were true, and even if the trial court was permitted (or required) to treat Chughtai's petition to set aside the sheriff's sale like a motion to strike for want of authority, **see** n.2, *supra*, in this case the petition, treated as a petition to strike, would be untimely unless the judgment was void *ab initio* rather than merely voidable. **See Oswald v. WB Public Square Assocs., LLC**, 80 A.3d 790, 797 (Pa. Super. 2013)

- 6 -

("The general rule is that "judgments which are void *ab initio* are those which the prothonotary was without authority to enter in the first place," *i.e.*, those in which a fatal defect appeared on the face of the pleadings. (internal quotation marks omitted)) (citing ***Erie Ins. Co. v. Bullard***, 839 A.2d 383 (Pa. Super. 2003)). Because ***Mallory*** authorized the entry of a default judgment despite the fact that the mortgage assignment had merely been pleaded but was not memorialized by recordation, it is clear that, at least in the context of a default judgment, merely pleading possession of the mortgage rendered the pleadings facially adequate to support the entry of the default judgment. Consequently, any other defect, such as the purported lack of proof of possession of the note, implicated the judgment's voidability, not voidness *ab initio*. Thus, only if Chughtai had sought to strike the judgment **promptly** would he be entitled to relief. There can be no reasonable dispute that Chughtai's delay of over twenty months after the entry of the default judgment before appearing in any fashion was not sufficiently prompt. Consequently, the sheriff's authority cannot be questioned.

Nonetheless, a word is due concerning this Court's decision in ***Murray***. In that case, this Court recognized and did not undermine ***Mallory***'s holding that, to sustain a default judgment, the foreclosing party need only aver that it is the assignee of the relevant mortgage, not that the assignment has been recorded. ***Id.*** However, we held in ***Murray*** that the documents upon which the foreclosure is based, including the note, must be produced **when**

**properly challenged**. In that case, we reversed the trial court's entry of summary judgment because the mortgagor, in its duly and timely pleaded answer and response to the foreclosing party's motion for summary judgment, created a question of fact regarding the mortgagee's actual possession of the note underlying the mortgage. We held that actual possession was essential to establishing the right to foreclosure because the creditor's possession of the note, as a negotiable instrument under the Uniform Commercial Code, was essential to the right to foreclose upon the mortgage securing the debt. *See id.* at 1267-1268. Thus, per *Mallory*, while merely pleading that the mortgagee possesses the relevant mortgage may sustain a default judgment, per *Murray*, a mortgagor's duly and timely pleaded challenge to the mortgagee's possession of the relevant note creates an issue of fact such that the foreclosing party must establish possession of the note before a **contested** judgment in foreclosure may be entered.

The majority's decision not to cite or discuss *Murray*, despite Chughtai's reliance upon that case, is not by itself problematic. *Mallory* plainly is applicable to the instant case, whereas *Murray* addresses a distinct circumstance in which the foreclosure defendant did not effectively waive his opportunity to defend the action. I simply wish to emphasize that *Murray* has added to the *Mallory* analysis by introducing the requirement that foreclosing mortgagees produce the **note** memorializing the debt secured by the mortgage when a mortgagor duly challenges the foreclosing

party to do so. The law continues to evolve in this area. ***See, e.g., PHH Mortgage Corp. v. Powell***, 100 A.3d 611 (Pa. Super. 2014); ***U.S. Bank, Nat'l Ass'n v. Zimmer***, No. 3:12-CV-644, 2015 WL 412389 (M.D.Pa. Jan. 30, 2015).