J-A06032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALASDAIR WILSON & EILEEN WILSON, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2294 EDA 2016 |
| ANDREW TEPLICA, D.P.M. | : | |

Appeal from the Judgment Entered July 1, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  No. 08-2468

BEFORE:   PANELLA, J., SHOGAN, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED JUNE 13, 2017**

Appellants, Alasdair Wilson and Eileen Wilson, appeal from the judgment entered July 1, 2016 in favor of Appellee following a jury trial.  At issue is the court's decision to strike a default judgment entered in Appellants' favor on November 10, 2014.  We affirm.

In March 2008, Appellants commenced a medical malpractice action by filing a writ of summons.  In December 2008, Appellants filed a complaint.  On January 12, 2009, Appellants filed a certificate of merit.  On January 13, 2009, Appellants mailed notice of intent to seek default judgment pursuant to Pa.R.C.P. 237.1.  On February 6, 2009, Appellants filed a praecipe for default judgment and on the same day, the court entered the default judgment against Appellee.

In June 2014, Appellants filed a petition to schedule a hearing to assess damages. In July 2014, Appellee entered an appearance and responded with a petition to preclude damages recovery or in the alternative to strike/open the default judgment. Following additional briefing by the parties and a hearing, the court issued an order granting Appellee's petition to strike the default judgment on November 10, 2014.

Following discovery, motions in limine, and voir dire, the case went to a jury trial. A jury entered a verdict in favor of Appellee on April 27, 2016. Appellants timely filed a post-trial motion, which the trial court denied. *See* Order, 6/2/2016. Appellants timely filed an appeal and court-ordered 1925(b) statement. The trial court issued a responsive opinion.

On appeal, Appellants raise the following issue:

> Whether the [l]ower [c]ourt erred in striking the default judgment entered against [Appellee] where he failed to establish that a fatal defect in the judgement appeared on the face of the record?

Appellants' Br. at 5.

Appellants contend that the court's decision to strike the default judgment entered was improper. An appeal regarding a petition to strike a default judgment implicates the procedural rules of court and presents questions of law. *Green Acres Rehab. v. Sullivan*, 113 A.3d 1261, 1267 (Pa. Super. 2015). Where, as here, an appeal presents questions of law, "'our standard of review is *de novo* and our scope of review is plenary.'" *Id.*

- 2 -

(quoting ***Oswald v. WB Public Square Associates, LLC***, 80 A.3d 790, 793 (Pa. Super. 2013)).

As we have explained:

> "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." ***Midwest Financial Acceptance Corp. v. Lopez***, 78 A.3d 614, 622–23 (Pa. Super. 2013). "[A] petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." [***Oswald***, 80 A.3d] at 794. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. ***Erie Ins. Co. v. Bullard***, 839 A.2d 383, 388 (Pa. Super. 2003). When a prothonotary enters judgment without authority, that judgment is void *ab initio*. ***Id.*** "When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [default] judgment, a court may only look at what was in the record when the judgment was entered." ***Cintas Corp. v. Lee's Cleaning Services***, 700 A.2d 915, 917 (Pa. 1997).

***Green Acres Rehab.***, 113 A.3d at 1267–68.

Here, the trial court stated that its basis for striking the default judgment was Appellant's failure to comply with Rule 237.1(a)(2). "The rule seeks to ensure that default judgments are not entered without the defendant's knowledge." ***Erie Ins. Co.***, 839 A.2d at 387 (citing ***Brown v. Great Atlantic & Pacific Tea Co.***, 460 A.2d 773 (Pa. Super. 1983)). The rule explicitly requires that the notice of intention to enter a judgment by default be mailed "after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any." Pa.R.C.P. 237.1(a)(2).

Here, Appellants mailed their Rule 237.1 notice the day after filing their certificate of merit. The trial court correctly observed that entering a default judgment ten days thereafter was improper. Under Rule 1042.4, a "defendant against whom a professional liability claim is asserted shall file a responsive pleading within the time required by Rule 1026 or within twenty days after service of the certificate of merit on that defendant, whichever is later." Pa.R.C.P. 1042.4. Accordingly, Appellee had twenty days to respond to the complaint as a matter of law from when the certificate was filed on January 12, 2009. *See* Pa.R.C.P. 1042.4.

As noted by the court, "[t]he earliest default judgment could have properly been entered by [the prothonotary] pursuant to Rule 237.1 was February 13, 2009." Trial Ct. Op., 8/1/2016, at 7. In other words, the prothonotary lacked authority to enter a default judgment before the responsive pleading time expired pursuant to Pa.R.C.P. 1042.4 and Appellants' Rule 237.1 notice was legally insufficient to sustain the entry of judgment. Thus, the default judgment was void *ab initio*. **See Erie Ins. Co.**, 839 A.2d at 387. Accordingly, the court did not commit an error of law in striking the judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/13/2017</u>