J-A28006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HONGWU XU AND HU LI WANG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NAOMI LEE | : | |
| | : | |
| Appellant | : | No. 903 EDA 2019 |

Appeal from the Order Dated February 22, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  04084 October Term, 2018

BEFORE:   PANELLA, P.J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED MARCH 10, 2020**

Naomi Lee, appeals from the order denying her petition to open a default judgment obtained by her landlords, husband and wife Appellees Hongwu Xu and Huili Wang.[1] Lee asserts that the trial court erred in concluding that Appellees properly served her with notice of their appeal from Municipal Court, and in concluding that Lee had not asserted meritorious defenses in her petition. After careful review, we reverse and remand.

Appellees filed an action for unpaid rent against Lee and her two roommates in September 2018. Lee responded by challenging, *inter alia*,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] There are inconsistencies in the record regarding the correct spelling of Wang's name. While there is no way to resolve these inconsistencies at this time, we utilize the spelling found in Appellees' Brief in our discussion without changing the caption.

habitability. She asserted that the air quality was poor and damp, causing her headaches and shortness of breath. Lee also alleged a lack of hot water, damaged air ducts, an illegally excessive security deposit, and Appellees' failure to provide required documents such as proof of a valid rental license and a certificate of rental suitability.

On October 29, 2018, the Municipal Court trial commissioner entered judgment for Lee, permitted her to "break" the lease and directed her to vacate the apartment within sixty days. Order, 10/29/18. Lee maintains she moved out of the apartment that same day. *See* Petition to Open, 1/28/19, at 15-16.

Also on that same day, Appellees appealed to Court of Common Pleas of Philadelphia. Appellees filed an affidavit of service attesting that, after two attempts with no answer, an unnamed adult female at the rental unit was served with a notice of appeal on November 16, 2018.[2]

Lee never filed a response to the appeal, and on December 26, 2018, Appellees entered default judgment against her. Counsel entered an appearance on behalf of Lee on January 22, 2019, and filed a petition to open

_____

[2] There are two inconsistent affidavits of service in the record. The first affidavit, dated November 8, 2019, lists two unsuccessful attempts at service at the rental apartment, one each on November 3, 4, and 7, 2018. A subsequent affidavit, dated November 16, 2019, omits the unsuccessful attempt on November 7, but includes the purported successful attempt on November 16. Neither document attests to service of the complaint filed on November 21, 2019.

on Lee's behalf on January 28. The trial court denied Lee's petition to open the judgment without a hearing on February 25, 2019, and this timely appeal followed.

Lee presents three questions for our review on appeal:

> 1. Whether the Trial Court erred in denying [Lee's] Petition to Open Default Judgment when [Lee] filed the Petition only nineteen (19) days after learning that the Default Judgment was entered against her?
>
> 2. Whether the Trial Court erred in denying [Lee's] Petition to Open Default Judgment when [Xu and Wang's] Municipal Court appeal and Complaint were improperly served on [Lee] so [Lee] has a justifiable excuse for failing respond to the Complaint?
>
> 3. Whether the Trial Court erred in denying [Lee's] Petition to Open Default Judgment where [Lee] has raised meritorious procedural [and] substantive meritorious defenses to [Xu and Wang's] Complaint?

Appellant's Brief, at 4.

First, we note that Lee did not seek to strike the judgment in the trial court. A petition to strike a judgment and a petition to open a judgment are distinct and are generally not interchangeable remedies. *See Erie Ins. Co. v. Bullard*, 839 A.2d 383, 386 (Pa. Super. 2003).

> In determining whether a judgment by default should be opened, we must ascertain whether there are present any equitable considerations in the factual posture of the case which require that we grant to a defendant against whom the judgment has been entered an opportunity to have his "day in court" and to have the cause decided upon the merits. **In so doing, we act as a court of conscience.**

*Provident Credit Corp. v. Young*, 446 A.2d 257, 260–61 (Pa. Super. 1982) (*en banc*) (emphasis added; citations omitted; quotation marks in original).

In contrast, in a petition to strike, we can only look to the face of the record at the time judgment was entered to determine if there is a fatal error of law. *See Bullard*, 839 A.2d at 386.

Lee's three issues on appeal track the three circumstances required to open a judgment. Ultimately, however, Lee's arguments rely on her contention that she was not properly served with the necessary documents prior to the entry of default judgment. We therefore address Lee's first two issues as one. Furthermore, the issue of proper service is dispositive of the appeal with reference only to the face of the record. As Lee's dispositive argument on appeal is properly framed as a petition to strike, we will address it under this rubric. *See id*.

Default judgments are generally not favored by our courts. *See Kennedy v. Black*, 424 A.2d 1250, 1252 (Pa. 1981).

> Default judgments are not favored at law or in equity, and a standard of liberality, not strictness, should be applied in deciding a petition to open a default judgment, because equitable principles favor allowing parties to defend causes on the merits. In emphasizing the liberality and fairness standard, our Supreme Court has stated:
>
> > The trial of a lawsuit is not a sporting event where the substantive legal issues which precipitated the action are subordinate to the "rules of the game." A lawsuit is a judicial process calculated to resolve legal disputes in an orderly and fair fashion. It is imperative that the fairness of the method by which the resolution is reached not be open to question. A rule which arbitrarily and automatically requires the termination of an action in favor of one party and against the other based upon a non-prejudicial procedural mis-step, ... is inconsistent with the requirement of fairness demanded by the Pennsylvania Rules of Civil Procedure.

***Duckson v. Wee Wheelers, Inc.***, 620 A.2d 1206, 1212–13 (Pa. Super. 1993) (citations omitted).

Lee argues that she was not served the notice of appeal or the complaint on appeal. "In such a sensitive area as the taking of judgment by default, substantial compliance with [the applicable Rules of Civil Procedure] is required." ***Gangi v. Delco Cab Co.***, 411 A.2d 798, 800 (Pa. Super. 1979). A record that demonstrates a failure to comply with Pa.R.Civ.P. 237.1 is facially defective and cannot support a default judgment. ***See Bullard***, 839 A.2d at 387 (Pa. Super. 2003). Under these circumstances, the Prothonotary lacks the authority to enter judgment. ***See id***. As a result, any default judgment entered would be void *ab initio*. ***See id***.

Importantly, we note the record does not support the trial court's conclusion that the process server personally served Lee at 4228 Chester Avenue, Apartment 1-F, Philadelphia, Pa. 19104, the premises at issue. To the contrary, the affidavit of service never claimed personal service on Lee. ***See*** Affidavit of Service, 11/16/18. Instead, the affidavit explicitly acknowledges that, after several unsuccessful attempts at service, the notice of appeal was served on a roommate at the rental apartment. ***See id.*** As acknowledged by the trial court, the person served refused to give her name. ***See id***.

While there are circumstances that allow for a presumption of service on a defendant where an adult refuses to provide their name, none apply here. Service of original process may be accomplished by (1) handing a copy to the

- 5 -

defendant, (2) handing a copy to an adult member of the defendant's family at the defendant's residence, or (3) to the adult in charge of the defendant's residence if no family member can be found. *See* Pa.R.Civ.P. 402. First, in the context of this case, it is not self-evident that Lee still resided at the apartment after she was court-ordered to vacate the premises. Therefore, it is arguable whether service could be effected by handing the documents to any adult resident of the rental apartment other than Lee. If this were the only problem with service on the record we would be required to look outside the record to resolve it, and could not strike the judgment.

This however, is not the only problem. Even if we assume that Lee was still a resident of the rental apartment, the affidavit of service does not include any facts capable of establishing that the adult who was handed the documents was either (a) a family member of Lee's, or (b) the adult in charge of the residence. Indeed, the affidavit only explicitly defines the person served as "roommate." This is insufficient to establish personal service on Lee under Rule 237.1.

Furthermore, Appellees were required to serve Lee with their complaint on appeal to the Court of Common Pleas. *See* Pa.R.Phi.Civ.P. 1001(f)(1) (providing that an appellant must file a complaint within twenty days of the filing of their appeal); *see also* Pa.R.Civ.P. 440 (requiring service of all filed legal papers other than original service). Appellees' complaint is dated November 20, 2018, and was filed November 21, 2018.

Appellees' praecipe for default judgment alleges that they served Lee with this complaint on November 16, 2018, four days before it was dated, and five before it was filed. **See** Praecipe to Enter Default Judgment and Assessment of Damages, 12/26/18, at 1.[3] The Affidavit of Service as served lacks any reference to the subsequently filed complaint, or a notice to plead. **See** Affidavit of Service, 11/16/18.

Appellees also assert, in separate filings with the trial court, that service was later effected on Lee via first class mail to the rental apartment. This contrary assertion suffers from the same flaws. First, it is not clear that Lee was still a resident of the rental apartment. Second, service by mail is only available once service of original process has been effected. Since the record cannot establish that Lee was served with original process, these attempts at mailing the complaint cannot act as effective service.

The record does not support the court's conclusion that Lee was properly served with original process. Even if we assume that the rental apartment was Lee's residence on November 16, 2018, there is no support in the record for a finding that an adult family member or an adult in charge of the residence

---

[3] The praecipe is a pre-printed form document upon which Appellees hand wrote the particulars of their assertions in blank spaces. Read literally, the handwritten portions assert that the complaint was served on November 16, 2018, and the notice of appeal on December 11, 2018, both via personal service. Even if we assume this was a self-evident mistake in drafting, there is no affidavit of service dated December 11, 2018 in the record. Further, in their response to the petition to open, Appellees aver that the complaint was served via mail on November 21, 2018.

was served. Appellees' subsequent attempts at service by mail to the rental apartment were therefore ineffective. Since the record does not support a finding that the notice of appeal or the complaint were properly served, the default judgment is void *ab initio*. **See Bullard**, 839 A.2d at 387.

Order reversed. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/10/20