Patricia SKONIECZNY, Appellant

v.

Daniel W. COOPER, Cooper and Lepore, Appellees.

Superior Court of Pennsylvania.

Argued Dec. 7, 2011.

Filed Feb. 7, 2012.

Gianni Floro, Moon Township, for appellant.

Scott R. Eberle, Pittsburgh, for appellee.

BEFORE: MUSMANNO, DONOHUE and COLVILLE*, JJ.

OPINION BY DONOHUE, J.:

Patricia Skonieczny ("Skonieczny") appeals from the order of the Court of Common Pleas, Allegheny County, denying her Petition to Strike Judgment of *Non Pros* in favor of Daniel W. Cooper and Cooper

* Retired Senior Judge assigned to the Superior Court.

1. The record reflects that the Petition to Strike was not filed of record until April 8, 2011, one day after the trial court entered its order denying the same. The record further reflects that Defendants filed their Answer to the Petition to Strike on January 28, 2011. Because of the nature of the issue before us, the date of filing of record of the Petition to Strike does not affect our disposition. We further note that the defendants have not

and Lepore (collectively, "Defendants"). After review, we reverse.

As described in more detail within, this case involves a so-called "straddle case," where the action was commenced by Praecipe for Writ of Summons prior to the promulgation of Pennsylvania Rule of Civil Procedure 1042.3 and the complaint was filed after the Rule became effective. On September 13, 2001, Skonieczny, proceeding *pro se*, commenced the underlying professional negligence action against Defendants by filing a Praecipe for Writ of Summons in a Civil Action. She filed her Complaint on September 15, 2003. On November 18, 2003, Defendants filed a Praecipe for Judgment of *Non Pros* based upon Skonieczny's failure to file a certificate of merit within 60 days of filing her Complaint pursuant to Pa.R.C.P. 1042.3. A judgment of *non pros* was entered by the prothonotary that same day.

■ Skonieczny filed a Petition to Strike Judgment of *Non Pros* ("Petition to Strike"),[1] arguing that she commenced the underlying action prior to the promulgation of Rule 1042.3, and thus it was inapplicable to her case, rendering the judgment of *non pros* void. Defendants filed an Answer on January 28, 2011, and on April 7, 2011, the trial court denied Skonieczny's Petition to Strike. Skonieczny filed a Motion for Reconsideration, which the trial court denied on May 11, 2011.[2]

challenged, on prejudice grounds, the more than seven (7) year delay between the entry of the *non pros* and the Petition to Strike.

2. The trial court authored the order on May 7, 2011 (a Saturday), but the order was not filed until May 11, 2011. By that time, the trial court was divested of jurisdiction to rule on Skonieczny's motion for reconsideration, as Skonieczny already filed a notice of appeal and the time prescribed for the filing of a notice of appeal had passed. *See* Pa.R.A.P. 1701(a), (b)(3)(ii).

Skonieczny filed a timely notice of appeal on May 6, 2011, and raises two issues for our review:

■ Was a 'Certificate of Merit' required to be filed within sixty (60) days of the filing of the 'Complaint' in this case, when the action was *commenced* before the effective date of the new [R]ules of [C]ivil [P]rocedure 1042.1 through 1042.8, via the Pennsylvania Supreme Court Order No. 382, dated January 27, 2003?

■ Whether the [a]pplication of the [n]ew Rules 1042.1 [t]hrough 1042.8 [p]romulgated January 23, 2003 to this [c]ase [v]iolates Article 1, Section 11 of the Pennsylvania Constitution as [a]pplied to [Skonieczny]'s [c]ase[?]

Skonieczny's Brief at v. (emphasis in the original).

■ Skonieczny's first issue on appeal questions the applicability of a Pennsylvania Rule of Civil Procedure to her case. As this presents us with a question of law, our standard of review is *de novo* and our scope of review is plenary. *Boatin v. Miller*, 955 A.2d 424, 427 (Pa.Super.2008).

■ The Rule at the heart of this controversy relates to the filing of a certificate of merit in a professional negligence action. Rule 1042.3 states, in relevant part:

In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party [...].

Pa.R.C.P. 1042.3(a).[3] Subject to certain requirements, on praecipe by the defendant, the prothonotary must enter a judgment of *non pros* if the plaintiff did not file a certificate of merit as required. Pa. R.C.P. 1042.7(a).[4]

These Rules became effective on January 27, 2003. Pa.R.C.P. 1042.3 (Credits); Pa.R.C.P. 1042.7 (Credits). The trial court found that Skonieczny was required to file a certificate of merit pursuant to Rule 1042.3 because although the alleged malpractice and the commencement of the action both occurred prior to the promulgation of Rule 1042.3, she filed her Complaint after its effective date. Trial Court Memorandum, 4/7/11, at 2. The trial court reasoned that "[t]he goal of the certificate of merit requirement is to weed out non-meritorious lawsuits early in the litigation process. There is no reason why the Pennsylvania Supreme Court would not have intended for this Rule to be construed as written where a complaint had not been filed prior to the effective date of the Rule." *Id.* at 2–3 (internal citation omitted).[5] Furthermore, even though a

---

3. Rule 1042.3 was revised in 2005 and again in 2008. *See* Pa.R.C.P. 1042.3 (Credits). The portion of the Rule quoted above remained unchanged. *See Parkway Corp. v. Edelstein*, 861 A.2d 264, 265 (Pa.Super.2004) (quoting the relevant portion of the 2003 version of Rule 1042.3).

4. Rule 1042.7 was renumbered from Rule 1042.6 in 2008. *See* Pa.R.C.P. 1042.7 (Credits). Again, no substantive changes were made to the portion of the Rule cited herein. *See Parkway Corp.*, 861 A.2d at 268 (quoting the relevant portion of the 2003 version of Rule 1042.6).

5. It further found an unpublished decision authored by Senior Judge Charles R. Alexander of the Court of Common Pleas, Venango County, to be persuasive, wherein Judge Alexander held that a certificate of merit was required for actions commenced by the filing of a writ prior to the enactment of the new Rules and the complaint was filed thereafter. Trial Court Memorandum, 4/7/11, at 2 (citing *Marwell, Inc. v. Patberg*, No. 1633–1998 (Pa. Com.Pl.2004)). The decision in that case is not binding on this Court.

nullity because the trial court was without jurisdiction to enter an order, in denying Skonieczny's Motion for Reconsideration, the trial court noted that because the Rule in question does not otherwise specify, it is applicable to actions pending at the time of the enactment of the Rule. Trial Court Order, 5/7/11 (citing Pa.R.C.P. 52(c) ("Unless the Supreme Court specifies otherwise, a rule or an amendment to a rule shall apply to actions pending on the effective date.")).

Although we agree with the trial court that there is nothing on the face of the Rule to indicate whether it is applicable to pending causes of action, we disagree that the Supreme Court did not "specify otherwise." To the contrary, the January 27, 2003 Order filed by the Pennsylvania Supreme Court enacting the Rules of Civil Procedure in question states: "The new and amended rules shall be applicable to actions **commenced** on or after the effective date of this Order." *In re: PROMULGATION OF RULES OF CIVIL PROCEDURE 1042.1 et seq. Governing Professional Liability Actions,* —— Pa. ——, —— A.2d ——, 2003 WL 25436744 (2003) (emphasis added); *see also Warren v. Folk,* 886 A.2d 305, 309 n. 1 (Pa.Super.2005) (quoting the Supreme Court's Order).[6] This Order explicitly specifies that the Rule regarding the filing of a certificate of merit for a professional liability action applies only to those cases commenced on or after January 27, 2003. *See*

Pa.R.C.P. 1042.3 (Credits); *In re: PROMULGATION OF RULES OF CIVIL PROCEDURE 1042.1 et seq. Governing Professional Liability Actions,* 2003 WL 25436744. There is no question that Skonieczny, in the case at bar, commenced her action on September 13, 2001, when she filed the Praecipe for Writ of Summons. Rule of Civil Procedure 1007 provides, in relevant part: "An **action may be commenced** by filing with the prothonotary (1) a praecipe for a writ of summons[.]" Pa. R.C.P. 1007 (emphasis added).

"The object of all interpretation and construction of [the Rules of Civil Procedure] is to ascertain and effectuate the intention of the Supreme Court." Pa.R.C.P. 127(a). The Supreme Court took all of the guesswork out of ascertaining its intention in light of the clarity of Pa.R.C.P. 1007 permitting the commencement of an action by praecipe. Rule 1042.3 applies only to actions commenced on or after January 27, 2003. Skonieczny commenced this action on September 13, 2001 by praecipe for writ of summons. By the precise terms of the Supreme Court's Order, the Rule requiring the filing of a certificate of merit within 60 days of the filing of her complaint was inapplicable.[7] Thus, the prothonotary was without authorization to enter a judgment of *non pros* on that basis, and the judgment is void. *See Ruehl v. Maxwell Steel Co., Inc.,* 327 Pa.Super. 39, 474 A.2d 1162, 1163 (1984) ("The unauthorized entry

---

**6.** The trial court and Defendants cite to the *Warren* case in support of the trial court's decision. *See* Trial Court Memorandum, 4/7/11, at 2; Defendants' Brief at 8–9. *Warren* stands for the proposition that the application of Rule 1042.3 to cases wherein the malpractice occurred prior to the Rule's effective date, but the action was commenced after the Rule's effective date, is constitutional. *Warren,* 886 A.2d at 309. The *Warren* case is therefore inapposite to the case at bar, as the action here was commenced prior to the effective date of Rule 1042.3.

**7.** The Supreme Court could have triggered the applicability of the Rules based on the timing of the filing of a complaint. It did not. Instead, it specified the commencement of the action as the salient activity triggering the Rules' applicability. The term "commencement of an action" is a Pennsylvania practice term of art defined in Pa.R.C.P. 1007. It is a term of art we must presume is clearly understood by our Supreme Court.

of a judgment by the prothonotary [...] renders a judgment void[.]"). The trial court therefore erred by denying Skonieczny's Petition to Strike, and we are compelled to reverse its decision. *See id.* ("[A] judgment must be stricken if its defectiveness is apparent from the face of the record.").[8]

Order reversed. Case remanded. Jurisdiction relinquished.

---

8. Based upon our resolution of the first issue raised by Skonieczny, we do not need to address her constitutional argument.