J. A03045/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHAD MOSHIER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARNET STEVENSON, | : | |
| | : | |
| Appellant | : | No. 984 MDA 2016 |

Appeal from the Order Entered May 17, 2016
In the Court of Common Pleas of York County
Civil Division at No.: 2016-SU-000093-40

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 20, 2017**

Appellant, Garnet Stevenson, appeals from the May 17, 2016 Order entered in the York County Court of Common Pleas, which denied her Petition to Open or Strike the Judgment in favor of Appellee, Chad Moshier. After careful review, we affirm.

**Factual Background**

The facts and procedural history relevant to this appeal, as gleaned from the certified record, are as follows.  On July 7, 2015, Appellee filed a civil Complaint in the Magisterial District Court against Appellant alleging her default in payment on a horse training agreement.  Appellee attempted to effectuate service through Geoffrey Zajac of Smart Serve Process.  Mr. Zajac filed an Affidavit of Service stating that he served a "civil action hearing notice on Garnet Stevenson at 4139 Four Rod Road, East Aurora, NY

14052." He described the person served as "Jane Doe, Wife," a Caucasian female with brown hair, age 40-50, height 5'9"-6' tall, 161-200 pounds.

Appellant failed to appear at the first court hearing on September 2, 2015, and the court entered a default Judgment in the amount of $8,720 in favor of Appellee. The trial court served Notice of Judgment on October 2, 2015.

On October 30, 2015, Appellee filed a "Petition to Confirm Bill of Sale to Transfer Property to Satisfy Common Law Lien[,]" which Appellee served by first class mail on Appellant on December 29, 2015.[1] On December 22, 2015, the trial court issued a Rule to Show Cause, which Appellant acknowledged receiving on December 31, 2015. R.R. at 36.

On January 11, 2016, Appellant filed a Response to Appellee's Petition to Confirm Bill of Sale, including a "Cross-Petition to Open or Strike Judgment." Although she admitted in her Response that she resided at 4139 Four Rod Road, East Aurora, NY 14052, Appellant averred that she did not receive original service of process or notice of the Complaint against her.[2] As a result, Appellant argued, the Magisterial District Court lacked personal

---

[1] Appellee asserted that the horse training agreement provided "that upon a default by [Appellant], the agreement shall constitute a bill of sale and authorize [Appellee] to process transfer applications for any breed registration." Appellee's Memorandum of Law, 1/29/16, at 2.

[2] Appellant also argues that she was in surgery on the day of service and the Affidavit of Service did not describe anyone she knew.

jurisdiction and the Default Judgment should be vacated. Appellant's Response, 1/11/16, at 6-8.

On May 17, 2016, following a hearing, the trial court denied Appellee's Petition to Confirm Bill of Sale and denied Appellant's Petition to Open or Strike Judgment.[3]

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

**Issues Raised on Appeal**

Appellant presents four issues for our review:

1. Whether the [t]rial [c]ourt erred in considering evidence of service of legal papers other than original process in concluding that the jurisdiction of this [c]ourt had properly been attached to [Appellant].

2. Whether the [t]rial [c]ourt erred in concluding that no credible evidence was presented as to a failure to properly effectuate original service of process where [Appellant] presented undisputed documentary evidence that she was in surgery at the purported time of service and the affidavit of service describes a Jane Doe not matching the appearance of anyone authorized to be present at her residence.

3. Whether the [t]rial [c]ourt erred in finding that [Appellant's] Petition to Open or Strike Judgment does not contain an adequate explanation in the delay in the filing of the Petition when the grounds for Opening or Striking are based on a failure to effectuate original service of process on [Appellant].

4. Whether the [t]rial [c]ourt erred in finding that no meritorious defense was alleged in [Appellant's] Petition to Open or Strike Judgment where the Petition alleges a lack of jurisdiction based

---

[3] The trial court's Order constitutes an interlocutory Order from which an appeal arises as of right under Pa.R.A.P. 311(a)(1).

on a failure to effectuate original service of process on [Appellant].

Appellant's Brief at 4.

Appellant's first two issues pertain to her Petition to Strike the Default Judgment, whereas her remaining two issues pertain to her Petition to Open the Default Judgment. We address each set of issues in turn.

**Standard of Review for Petition to Strike a Default Judgment**

A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable. *Stauffer v. Hevener*, 881 A.2d 868, 870 (Pa. Super. 2005).

An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. *Oswald v. WB Public Square Associates, LLC*, 80 A.3d 790, 793 (Pa. Super. 2013) (citing *Skonieczny v. Cooper*, 37 A.3d 1211, 1213 (Pa. Super. 2012)). Issues regarding the operation of procedural rules of court present us with questions of law. *Id*. Therefore, "our standard of review is *de novo* and our scope of review is plenary." *Id*.

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. *Midwest Financial Acceptance Corp. v. Lopez*, 78 A.3d 614, 622 (Pa. Super. 2013). "[A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed

at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." ***Oswald***, ***supra*** at 794. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. ***Erie Ins. Co. v. Bullard***, 839 A.2d 383, 388 (Pa. Super. 2003). When a prothonotary enters judgment without authority, that judgment is void *ab initio*. ***Id***.

When deciding a petition to strike a default judgment and whether there are fatal defects on the face of the record, a trial court may only consider the evidence in the record at the time the judgment was entered. ***Cintas Corp. v. Lee's Cleaning Services, Inc.,*** 700 A.2d 915, 917 (Pa. 1997).

### Motions to Strike for Failure to Comply with Rule 402(a)

A trial court may find a fatal defect and grant a Motion to Strike when the trial court finds that a plaintiff fails to comply strictly with the rules regarding service of process in the Pennsylvania Rules of Civil Procedure. ***Id***. at 917-18. The reason for requiring strict adherence to the rules regarding service is that in the absence of valid service, "a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her." ***Id***. at 917-18. In fact, the trial court may not ignore improper service of the Complaint even if a defendant subsequently learns of the action against him. ***Id***. at 918.

In particular, the Pennsylvania Rules of Civil Procedure require that a Plaintiff serve a defendant who resides outside of Pennsylvania by, *inter alia*, handing a copy of the original process (1) at the defendant's residence and (2) to an adult member with whom the defendant resides or an "adult person in charge of such residence." Rule 402 specifically provides:

**Rule 402. Manner of Service. Acceptance of Service**

(a) Original process may be served

(1) by handing a copy to the defendant; or

(2) by handing a copy

(i) at the residence of the defendant to an adult member of the family with whom he [or she] resides; but if no adult member of the family is found, then to an adult person in charge of such residence[.]

Pa.R.C.P. No. 402.

In her first claim, Appellant argues that the trial court improperly considered evidence regarding service of other legal papers at Appellant's residence. Appellant's Brief at 13-14.

The trial court explained its reliance on service of other legal documents as follows:

Voluminous paperwork related to this case was sent to [Appellant] by the MDJ and opposing [c]ounsel. The only document [Appellant] could conclusively state she received was the Order scheduling the hearing in this matter from the [c]ourt and [Appellant] was unclear during her testimony whether she had received some type of legal filing and notice during the summer of 2015. The [c]ourt found it incredible that multiple documents sent to her identified address by various individuals

were not received by [Appellant] but the Order from this [c]ourt, sent to the same address, was received by her.

Trial Court Opinion, 8/12/16, at 5.

Based on our review of the certified record, we conclude that the trial court properly considered the service of these other legal documents in assessing Appellant's credibility.

In her second claim on appeal, Appellant avers that her undisputed documentary evidence proved that she was in surgery at the time of service and that the Affidavit of Service does not describe anyone she knows. Appellant's Brief at 14-16.

Regarding Appellant's proof of surgery, this argument is irrelevant since the Affidavit of Service did not indicate that it was the Appellant whom Mr. Zajac served in her home. Thus, whether Appellant was home or in surgery on the date of surgery is of no consequence to our inquiry.

Regarding the description of the person served at Appellant's residence, the trial court relied on the Affidavit of Service to conclude that the process server served an "adult person in charge of the residence." The Affidavit of Service stated that Mr. Zajac served "Jane Doe, Wife, a Caucasian female with brown hair, age 40-50, height 5'9"-6' tall, 161-200 pounds." Appellant testified that she is not married to a woman and on the date of service, Appellant was having surgery.

The trial court concluded that Appellant's testimony was not credible and that Appellant supported her arguments with only bald allegations

rather than credible evidence. Trial Court Order, 5/17/16, at 1-2. Moreover, the trial court rejected Appellant's arguments regarding the description contained in the Affidavit of Service. We conclude that the trial court's finding that Appellee effectuated valid original service of process is supported by the record, including the Affidavit of Service. To the extent Appellant asks this Court to reassess the trial court's resolution of disputed issues of fact, we cannot and will not do so.

Accordingly, the trial court did not err in denying Appellant's Petition to Strike the Default Judgment.

**Standard of Review for Petition To Open A Default Judgment**

Appellants third and fourth claims pertain to the standards governing a Petition to Open a Default Judgment. This Court has explained the relevant standards as follows:

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

*Graziani v. Randolph*, 856 A.2d 1212, 1223 (Pa. Super. 2004).

Where a petition to open a default judgment is not filed within ten (10) days of entry of the default judgment, the movant must (1) promptly file a petition to open, (2) offer a justifiable excuse for the delay that caused the default, and (3) aver a meritorious defense that, if proved at trial, would afford the defendant relief. *Reid v. Boohar*, 856 A.2d 156, 160 (Pa. Super.

2004). To succeed, the petitioner must meet all three requirements. ***US Bank N.A. v. Mallory***, 982 A.2d 986, 995 (Pa. Super. 2009).

In her third claim, Appellant avers that the trial court erred in concluding that she failed to offer a justifiable excuse for the delay that caused the default. Appellant's Brief at 17. Avoiding the substance of this issue in the context of a Petition to Open a Default Judgment, Appellant's argument simply repeats general pronouncements of law, including "that [subject matter] jurisdiction can be asserted at any time." ***Id.*** at 17. Appellant contends that:

> By focusing formulaically on the procedural timing requirements typically associated with motions to open or strike judgment, the trial court acted in a manner inconsistent with the more fundamental dictates of the laws of the Commonwealth concerning subject matter jurisdiction and due process rights.

***Id.***

Appellant's argument regarding the invalid original service of process is a challenge to personal jurisdiction, not subject matter jurisdiction. ***Cintas***, ***supra*** at 917-18. Accordingly, her premise regarding subject matter jurisdiction is flawed.

Moreover, Appellant appears to misapprehend the requirements for filing a Petition to Open a Default Judgment. When filing a Petition more than ten days after the entry of the default judgment, Appellant must "offer a justifiable excuse for the delay that caused the default." ***Reid***, ***supra*** at 160. The trial court concluded that Appellant failed to provide credible

evidence regarding her excuse based on invalid original service of process. As a result, Appellant failed to prove that her excuse was justifiable. Our review of the certified record finds adequate support for the trial court's decision. Appellant's third claim, thus, fails.

In her fourth claim, Appellant avers that the trial court erred in concluding that she failed to allege a meritorious defense. Appellant's Brief at 18. Appellant characterizes her arguments regarding the invalid original service of process as raising a defense of "subject matter jurisdiction." *Id.*

First, as stated above, Appellant's argument regarding the invalid original service of process is a challenge to personal jurisdiction rather than a challenge to the court's subject matter jurisdiction. *Cintas*, *supra* at 917-18. Second, as discussed above, Appellant's defense of lack of personal jurisdiction based on invalid original service of process is not meritorious. Consequently, Appellant's fourth claim merits no relief.

We discern no abuse of discretion or error of law. Accordingly, the trial court did not err in denying Appellant's Petition to Open the Default Judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/20/2017</u>