J-A14010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOSEPH BURNS AND DAWN BURNS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| PHILLY TRAMPOLINE PARKS, DELCO, LLC; D/B/A SKY ZONE INDOOR TRAMPOLINE PARK, | |
| Appellant | No. 3544 EDA 2016 |

Appeal from the Order Entered October 18, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2016-3064

BEFORE:  BENDER, P.J.E., BOWES, J., and SHOGAN, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 31, 2017**

Appellant, Philly Trampoline Parks, Delco LLC; d/b/a Sky Zone Indoor Trampoline Park ("Sky Zone"), appeals from the October 18, 2016 order overruling its preliminary objections to the complaint filed by Appellees, Joseph Burns and Dawn Burns.  After careful review, we affirm.

The relevant facts and procedural history of the underlying case were summarized by the trial court in its Pa.R.A.P. 1925(a) opinion, as follows:

> On May 11, 2014, Joseph Burns and Dawn Burns, husband and wife (hereinafter "[Appellees]"), visited the Sky Zone Indoor Trampoline Park owned and operated by Philly Trampoline Parks Delco, LLC (hereinafter "[Sky Zone]") in Glen Mills, Delaware County, Pennsylvania[,] with their son.  While using the trampolines at [Sky Zone's] facility, [] Joseph Burns[] allegedly caught his foot in a trampoline which caused a fracture of his left ankle.  [Appellees] allege that this injury was caused by the negligence of [Sky Zone] in failing to use reasonable care for the protection and safety of Joseph Burns, failing to provide safe

facilities, providing trampolines that were unsafe and unreasonably dangerous, failing to give proper instructions to Joseph Burns on the safe use of the trampolines, failing to give proper warnings of the dangers inherent in trampoline use, and in providing a trampoline that was defective. Joseph Burns asserts a claim for damages for his injuries and Dawn Burns asserts a derivative claim for loss of consortium resulting from Joseph Burns' injuries.

[Appellees] instituted this action by the filing of a complaint on April 6, 2016. On May 2, 2016, [Sky Zone] filed preliminary objections to [Appellees'] complaint arguing that [Appellees'] claims must be submitted to arbitration[,] as Joseph Burns executed a Participant Agreement, Release and Assumption of Risk (hereinafter "Agreement") on May 11, 2014[,] prior to engaging in activities at the trampoline park. The Agreement provides that if a dispute arose regarding the Agreement, [Joseph Burns] waived a right to trial by jury and that such dispute would be brought to arbitration within one year of the execution of the Agreement. As the Agreement was executed on May 11, 2014[,] and [Appellees] did not bring their suit until April 4, 2016, [Sky Zone] argued that [Appellees'] claims, which must be submitted to arbitration, are time barred. Lastly, [Sky Zone] argued that [Appellees] released [Sky Zone] from the claims asserted in the complaint in that there was a valid exculpatory clause in the Agreement.

On May 23, 2016, [Appellees] filed a reply memorandum to the preliminary objections of [Sky Zone,] arguing that Joseph Burns never signed the Agreement. Further, [Appellees] assert that even if Joseph Burns had signed the Agreement, it is unenforceable as it is a contract of adhesion and unconscionable. Joseph Burns' declaration attached to the reply states that he did not sign the Agreement but that his wife, Dawn Burns, did fill out forms on a computer prior to his entry into the park's facilities.

On June 29, 2016, this [c]ourt entered an order granting the parties sixty (60) days to conduct discovery and supplement the record on the issues relating to the validity and enforceability of the Agreement. After taking depositions of both [Appellees] and [Sky Zone's] manager of the Glen Mills, Pennsylvania facility at the time of the alleged incident, on September 12, 2016, [Sky Zone] filed a supplemental memorandum of law in further support of [its] preliminary objections to the complaint. [Sky Zone] argues again that the Agreement disposes of [Appellees']

claims[,] as it requires arbitration of [their] claims, renders [their] claims untimely as it provides claims must be brought within one year, and precludes [their] claims as it expressly disclaims liability for any alleged negligence.

Trial Court Opinion ("TCO"), 2/8/17, at 1-3 (citations to record and unnecessary capitalization omitted).

On September 26, 2016, Appellees filed a supplemental reply memorandum to Sky Zone's preliminary objections, in which Appellees argued that Joseph Burns did not sign the Agreement but, rather, that Dawn Burns signed the Agreement on Joseph Burns' behalf without his authority. *Id.* at 4. On October 18, 2016, the trial court entered an order overruling Sky Zone's preliminary objections and directing Sky Zone to file an answer to Appellees' complaint.[1] *Id.* at 5. Accordingly, Sky Zone filed an answer and new matter on November 7, 2016, to which Appellees filed a timely reply. *Id.*

On November 10, 2016, Sky Zone filed a timely notice of appeal,[2] followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of

---

[1] The order overruling the preliminary objections was dated October 14, 2016, but was not filed with the Court of Common Pleas of Delaware County until October 18, 2016, at No. 16-3064. Thus, the order is referred to herein as the "October 18, 2016 order."

[2] "An order refusing to compel a case to arbitration is a threshold, jurisdictional question that is appealable as an exception to the general rule that an order overruling preliminary objections is interlocutory and not appealable as of right." *MacPherson v. Magee Memorial Hosp. for Convalescence*, 128 A.3d 1209, 1213 n.4 (Pa. Super. 2015) (internal citation omitted); *see also* 42 Pa.C.S. § 7320(a)(1).

errors complained of on appeal.[3]  Sky Zone now presents the following

questions for our review:

1. Whether the trial court erred by overruling [] Sky Zone's [p]reliminary [o]bjections and failing to compel [Appellees] to bring their claims in arbitration, where [] Joseph Burns executed the Agreement, as a precondition to gaining access to the trampoline activities, the trial court properly found [Appellees'] claims to be within the scope of the Agreement, and Sky Zone showed the Agreement to be valid and binding?

2. Whether the trial court erred by allowing [Joseph Burns] to avoid the Agreement based upon Dawn Burns' alleged forgery of [Joseph Burns'] signature, as Dawn Burns signed the Agreement as [Joseph Burns'] agent with implied authority and apparent authority, and, as [Joseph Burns] should be estopped from denying that Dawn Burns had implied and apparent authority?

3. Whether the trial court erred because [Joseph Burns] received the direct benefits of having a signed Agreement submitted for him to Sky Zone as a precondition to enjoying the benefits of the Agreement[,] such as participating in the trampoline activities, thus [Appellees] are now estopped from not incurring the burdens of the Agreement such as requiring [Appellees] to arbitrate their claims?

4. Whether the trial court erred by allowing [Joseph Burns] to avoid the Agreement based upon Dawn Burns' alleged forgery

---

[3] Additionally, Sky Zone filed a motion for reconsideration on November 17, 2016, requesting the trial court to reconsider its October 18, 2016 order, or in the alternative, to certify the order for an immediate appeal, pursuant to 42 Pa.C.S. § 702.  We note that the trial court was divested of jurisdiction to rule on the motion for reconsideration since Sky Zone had already filed a notice of appeal and the time prescribed for the filing of a notice of appeal had passed; thus, the court deemed the motion moot.  **See** TCO at 5; **see also** Pa.R.A.P. 1701(a), (b)(3)(ii); **Skonieczny v. Cooper**, 37 A.3d 1211, 1212 n.2 (Pa. Super. 2012) (stating that when an order is the subject of an appeal, a trial court may not reconsider the order once the time prescribed for the filing of a notice of appeal has run).

of [Joseph Burns'] signature on the Agreement, where, had [Joseph Burns] failed to sign the Agreement, Sky Zone would not have permitted him to access its trampoline facilities, where the Agreement clearly states that the participant's signature was consideration for participating in Sky Zone trampoline games and activities, causing Sky Zone to be deprived of the benefit of the bargain in the Agreement and allowing [Appellees] to benefit from their deliberate dishonesty?

5. Whether the trial court erred to the extent that it intended that its decision to definitively determine that the Agreement was invalid and not binding, that Dawn Burns did not have implied or apparent authority, there was no agency by estoppel, and that direct benefits estoppel did not apply, as this was premature and usurped the function of the jury?

Appellant's Brief at 4-5.

We begin by noting our standard of review:

[O]ur review of a claim that the trial court improperly denied preliminary objections in the nature of a petition to compel arbitration is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition. **Gaffer** [**Ins. Co., Ltd. v. Discover Reinsurance Co.**], 936 A.2d [1109,] 1112 [(Pa. Super. 2007)]. As contract interpretation is a question of law, our review of the trial court's decision is *de novo* and our scope is plenary. **Id.** citing **Bucks Orthopedic Surgery Associates, P.C. v. Ruth**, 925 A.2d 868, 871 (Pa. Super. 2007).

**Peterson v. Kindred Healthcare, Inc.**, 155 A.3d 641, 644 (Pa. Super. 2017). "We employ a two-part test to determine whether the trial court should have compelled arbitration: 1) whether a valid agreement to arbitrate exists, and 2) whether the dispute is within the scope of the agreement." **Washburn v. Northern Health Facilities, Inc.**, 121 A.3d 1008, 1012 (Pa. Super. 2015).

Here, Sky Zone asserts that the Agreement to arbitrate any claims is valid and binding and, thus, the trial court erred in overruling its preliminary objections and by failing to compel Appellees to bring their claims in arbitration. *See* Sky Zone's Brief at 25, 32. There appears to be no disagreement that Appellees' claims are within the scope of the Agreement. TCO at 6. Thus, the determinative issue on appeal is whether a valid agreement to arbitrate existed.

Appellees state that Joseph Burns did not sign the Agreement, but that Dawn Burns signed the Agreement with his name on it. *See* TCO at 7. Sky Zone has produced no evidence to the contrary. *Id.* Thus, in order for the Agreement in the instant case to be valid and binding on Joseph Burns, Sky Zone must establish that an agency relationship existed, at the time of execution, between Joseph and Dawn Burns. *See Petersen*, 155 A.3d at 645. "Such a relationship cannot be inferred from mere relationship or family ties unattended by conditions, acts or conduct clearly implying an agency." *Id.* Rather, this Court has held that "an agency relationship may be created by any of the following: (1) express authority, (2) implied authority, (3) apparent authority, and/or (4) authority by estoppel." *Id.* (citing *Walton v. Johnson*, 66 A.3d 782, 786 (Pa. Super. 2013)).

> Express authority exists where the principal deliberately and specifically grants authority to the agent as to certain matters. Implied authority exists in situations where the agent's actions are "proper, usual and necessary" to carry out express agency. Apparent agency exists where the principal, by word or conduct, causes people with whom the alleged agent deals to believe that the principal has granted the agent authority to act. Authority

- 6 -

by estoppel occurs when the principal fails to take reasonable steps to disavow the third party of their belief that the purported agent was authorized to act on behalf of the principal.[4]

*Id.* It has been well-established that the party asserting the existence of an agency relationship bears the burden of proving it by a fair preponderance of the evidence. *See id.*; *Washburn*, 121 A.3d at 1012.

There is no evidence of record indicating that Joseph Burns expressly authorized Dawn Burns to enter the Agreement on his behalf. However, Sky Zone suggests that Dawn Burns had implied authority, as Joseph Burns' wife, to enter the Agreement on his behalf, because she was normally in charge of registrations such as this. *See* TCO at 3. Sky Zone further avers that Dawn Burns had apparent authority to enter the Agreement, "as the parties entered the facility together and then Joseph Burns went to use the restroom[,] leaving Dawn Burns to handle the enrollment process with [Sky Zone's] employee." *Id.* Sky Zone also argues that the doctrine of agency by estoppel precludes Appellees from alleging that the Agreement is unenforceable, because Appellees were "intentionally careless in allowing [Sky Zone's] employee to believe that Joseph Burns signed the Agreement

---

[4] The **Petersen** Court further explained: "The doctrine requires that the principal intentionally or carelessly caused a third party to believe an agency relationship existed, or, knowing that the third party held such a belief, did not take reasonable steps to clarify the facts. Additionally, there must be justifiable reliance by the third party." *Id.* at 647 (internal citations omitted).

and/or in allowing [Sky Zone's] employee to believe that Dawn Burns had the authority to sign the Agreement on Joseph Burns' behalf." *Id.* at 3-4.

The trial court offers the following analysis in response to Sky Zone's arguments regarding the existence of an agency relationship:

> Implied authority is an extension of express authority. Neither the record nor Joseph Burns' deposition supports that Joseph Burns gave Dawn Burns "authority to complete paperwork and enroll her husband in activities" as argued by [Sky Zone]. To the contrary, Joseph Burns stated in his deposition that Dawn Burns did not normally fill out waivers and forms for him and that she had never signed his name to participate in an activity. As Dawn Burns did not have express authority to enter any type of agreement for Joseph Burns, she could not have had implied authority to enter the Agreement.
>
> For purposes of apparent authority, there were no prior dealings between [Sky Zone's] employee and [Appellees]. [Sky Zone's employee] did not know at the time he/she presented Dawn Burns with the Agreement if she had ever executed anything on Joseph Burns' behalf. No facts were presented to indicate that Joseph Burns[,] by words or conduct[,] led [Sky Zone's] employee to believe Joseph Burns had granted his wife the authority to sign the Agreement. It is undisputed that Joseph Burns' only interaction with [Sky Zone's] employees was asking where the restroom was located and possibly obtaining from an employee the sticker and socks to use the trampoline facility. Therefore, Dawn Burns did not have the apparent authority to enter the Agreement on Joseph Burns' behalf.
>
> For purposes of agency by estoppel, [Sky Zone] must show that Joseph Burns knew or should have known that Dawn Burns had signed the Agreement. The record is devoid of such a showing. Joseph Burns testified in deposition that he did not know about the Agreement until after his alleged injury. He further testified that he was not aware that waivers needed to be signed for activities such as the trampoline park or that Dawn Burns had ever signed waivers on behalf of his children for activities akin to the trampoline park.

TCO at 7-8 (citations to record omitted). After careful review, we conclude that the trial court's findings are substantially supported by the record, and we ascertain no abuse of discretion by the trial court.

For the foregoing reasons, we conclude that Dawn Burns lacked the authority to execute the Agreement on Joseph Burns' behalf, and that accordingly, Joseph Burns is not legally bound by the Agreement. "Despite national and state policies favoring arbitration, a party cannot be compelled to arbitrate in the absence of a valid agreement to do so…." **Washburn**, 121 A.3d at 1016. Having concluded that no valid agreement to arbitrate exists, we need not address Sky Zone's remaining claims regarding the enforceability of the Agreement.

Finally, Sky Zone asserts that the trial court's determination that the Agreement was invalid and not binding, that Joseph Burns did not sign the Agreement, and that Dawn Burns did not have authority to sign the Agreement on her husband's behalf, was "premature and usurped the function of the jury." Sky Zone's Brief at 62. To the contrary, we conclude that the trial court properly decided the issues raised by Sky Zone in its preliminary objections regarding the validity of the Agreement. "Our decisional law has made clear that the issue of whether a party agreed to arbitrate a dispute is a threshold, jurisdictional question that must be decided by the court." **Pisano v. Extendicare Homes, Inc.**, 77 A.3d 651, 654 (Pa. Super. 2013).

> [A]rbitration is a matter of contract and, as such, it is for the court to determine whether an express agreement between the parties to arbitrate exists. Because the construction and interpretation of contracts is a question of law, the trial court's conclusion as to whether the parties have agreed to arbitrate is reviewable by this Court. Our review is plenary, as it is with any review of questions of law.

*Midomo Co., Inc. v. Presbyterian Housing Development Co.*, 739 A.2d 180, 187 (Pa. Super. 1999) (internal citations omitted).

Moreover, it is well-established:

> Where no issues of fact are raised, the court shall dispose of the preliminary objections as a matter of law on the basis of the pleadings alone." *Matter of D.L.S.*, 278 Pa. Super. 446, 420 A.2d 625, 626 (1980). Where preliminary objections raise issues of fact, however, the Rules of Civil Procedure provide that "the court shall consider evidence by depositions or otherwise." Pa.R.C.P. 1028(c)(2); *see also Deyarmin v. Consol. Rail Corp.*, 931 A.2d 1, 14 (Pa. Super. 2007) ("If an issue of fact is raised by preliminary objections … the [trial] court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions or an evidentiary hearing.")

*R.M. v. J.S.*, 20 A.3d 496, 508-09 (Ps. Super. 2011).

Here, Sky Zone's preliminary objections raised issues of fact as to who signed the Agreement and whether an agency relationship existed between Joseph Burns and Dawn Burns. As stated *supra*, the trial court issued an order on June 29, 2016, providing the parties with sixty (60) days "to conduct discovery and supplement the record on issues relating to the validity and enforceability of the Agreement." TCO at 3. Accordingly, the parties conducted depositions of Joseph Burns, Dawn Burns, and Ann Nicole Atkinson, an employee of Sky Zone, and subsequently filed supplemental

memorandums of law with the court. The court properly relied on this discovery and the supplemental pleadings in concluding that the Agreement was not valid or binding against Joseph Burns.

Order affirmed. Case remanded. Jurisdiction relinquished.

Judge Shogan joins this memorandum.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2017