J-S06017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAISE DOBBS AND ERIC WISHER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A IMPULSEE AUTO, INC., AND YUDIK | : | |
| AYSENTSHTEYN, | : | |
| | : | No. 1426 EDA 2018 |
| Appellants | : | |

Appeal from the Order Entered April 5, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 151103182

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 19, 2019**

A Impulse Auto, Inc., and its owner and operator, Yudik Aysentshteyn (collectively "Appellants"), appeal from the Order entered by the Philadelphia County Court of Common Pleas denying their Petition to Open and/or Strike Default Judgment. After careful review, we affirm.

On November 20, 2015, Daise Dobbs and Eric Wisher ("Appellees") filed a Complaint against Appellants seeking damages resulting from a knee injury that Ms. Dobbs allegedly suffered after the bench on which she was sitting at Appellant A Impulse Auto, located at 4700 Torresdale Avenue in Philadelphia, collapsed. The Complaint identified two addresses for Appellants: 4700 Torresdale and 4608 Torresdale Avenue. The properties, located catty-corner from one another, are both owned by Appellant Aysentshteyn. The Complaint

included a Notice to Defend Within Twenty Days, and was served on Appellants at 4700 Torresdale Avenue.

Appellants did not file an Answer or otherwise respond.

On January 15, 2016, Appellees' attorney, Thomas M. Holland, Esq., sent a letter to Appellants at both addresses indicating Appellees' intent to file a Praecipe for Entry of a Default Judgment ("Praecipe") within 10 days. Appellants took no action.

On February 9, 2016, Attorney Holland filed the Praecipe for failure to file an answer within the required time, attaching an affidavit pursuant to Pa.R.C.P. 237.1 that stated that he sent a notice of Appellees' intent to take a default judgment to Appellants on January 15, 2016. Annexed to the Praecipe were copies of Attorney Holland's notice of intent letters sent to Appellants. *See* Exh. B, annexed to Notice of Praecipe to Enter Default Judgment. Attorney Holland sent the Notice of Praecipe itself to Appellant Aysentshteyn at 4700 Torresdale Avenue and to Appellant A Impulse Auto, Inc., at 4608 Torresdale Avenue.

On March 3, 2016, the court issued a case management order directing, *inter alia*, that discovery be completed by August 1, 2016.[1] Appellants failed to comply with numerous discovery requests; Appellees filed motions to compel and for sanctions; the court granted the motions, but Appellants did not comply and did not pay the ordered sanctions.

---

[1] The docketing of the Praecipe to Enter Default Judgment established only liability so that further proceedings were required to establish damages.

On November 4, 2016, the court entered an order directing the parties to appear at an Assessment of Damages Hearing on February 8, 2017.

On February 8, 2017, Appellants did not appear. Appellees testified regarding the incident and the injuries suffered. After the court reviewed medical records, it assessed damages totaling $235,000[2] and entered judgment.

Between February 2017 and January 2018, numerous proceedings occurred in connection with Appellees' attempts to execute on the judgment, including the imposition of a sheriff's levy on eight automobiles parked on Appellants' car lot and various assets located at 4608 Torresdale Avenue.

On January 25, 2018, the sheriff posted a Notice of Impending Sale of the Seized Assets.[3] That same day, Appellants' attorney, Jonathan H. Stanwood, Esq., filed a Motion to Open and/or Strike the Default Judgment. Appellees filed a Response in Opposition.

After a hearing on April 4, 2018, the court denied the Motion to Open and/or Strike the Default Judgment. *See* Order, entered April 5, 2018.

Appellants timely appealed, and filed a counseled Pa.R.A.P. 1925(b) Statement. The trial court filed a responsive Pa.R.A.P. 1925(a) Opinion.

Appellants raise the following issues for our review:

_____

[2] Damages included $60,000 for a future knee replacement; $150,000 for pain and suffering, and $25,000 for loss of consortium.

[3] Despite the levy, Appellants removed the vehicles from the 4700 Torresdale property. They subsequently received a Stay of the sheriff's sale.

1.   Whether the Court's April 4, 2018, order was an abuse of discretion and error of law when it denied Appellants' Petition to Open and or Strike when a default judgment entered pursuant to Pa.R.C.P. Rule 237.1 against A Impulse Auto, Inc., despite service of the ten day notice of intent to take default judgment as required by Pa.R.C.P. 237.5 was sent to an address other than the address where that party was alleged to have been served with original process?

2.   Whether the Court's April 4, 2018, order was an abuse of discretion and error of law when it found that the Notice to Defend and Notice of Intent to Take Default Judgment required by the rules of procedure were not in compliance with the Rules of Procedure as to language and font?

Appellants' Brief at 4 (verbatim).

**Standard of Review for Petition to Strike a Default Judgment**

"A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." ***Stauffer v. Hevener***, 881 A.2d 868, 870 (Pa. Super. 2005). Appellants do not raise or address in any way the Petition to Open. Rather, they challenge only the denial of their Petition to Strike for failure to comply with Pa.R.C.P. 237.5.

An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. ***Oswald v. WB Public Square Associates, LLC***, 80 A.3d 790, 793 (Pa. Super. 2013) (citing ***Skonieczny v. Cooper,*** 37 A.3d 1211, 1213 (Pa. Super. 2012)). Issues regarding the operation of procedural rules of court present us with questions of law. ***Id***. Therefore, "our standard of review is *de novo* and our scope of review is plenary." ***Id***.

- 4 -

"A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." *Midwest Financial Acceptance Corp. v. Lopez*, 78 A.3d 614, 622 (Pa. Super. 2013) (citation omitted). "[A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." *Oswald*, *supra* at 794 (citation omitted). A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. *Erie Ins. Co. v. Bullard*, 839 A.2d 383, 388 (Pa. Super. 2003). When a prothonotary enters judgment without authority, that judgment is void *ab initio*. *Id*.

When assessing a defendant's petition to strike to determine whether there are fatal defects on the face of the record, a trial court may only consider the evidence in the record at the time the judgment was entered. *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 917 (Pa. 1997).

Appellants claim that two fatal defects on the face of the record precluded entry of the Default Judgment: (1) Appellees mailed the notice of their intent to take default judgment to 4608 Torresdale Avenue, "an address that is not used by the A Impulse" and was not the address where the Complaint was served; and (2) the form of its Notice of Praecipe to Enter Judgment by Default "does not substantially comply with the form provided in

Pa.R.C.P. 237.5 and is an old form of notice which has long since been superseded." Appellants' Brief at 7.

**Issue 1 –Notice of Intent to file Praecipe to Enter Default Judgment.**

Appellants first contend that there is a fatal defect in the record because Appellees mailed the letter regarding their intent to file a Praecipe for a Default Judgment to 4608 Torresdale Avenue, "an address that is not used by A Impulse" and is not the address where the Complaint was served. Appellants' Brief at 7. This claim is without merit.

Our rules of civil procedure provide that a party seeking a default judgment must provide a notice of intent to the defaulting party ten days prior to filing the Praecipe for entry of the judgment. Specifically, Pa.R.C.P. 237.1 states, in relevant part:

> (2) No judgment of . . . default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered
>
> * * *
>
> (ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.

Pa.R.C.P. No. 237.1

The purpose of this rule is to ensure that default judgments are not entered without a defendant's prior knowledge, and to provide the defaulting party with an opportunity to cure the defect prior to the entry of default judgment. *Green Acres Rehabilitation and Nursing Center v. Sullivan*,

113 A.3d 1261, 1271-72 (Pa. Super. 2015); **Erie Ins. Co. v. Bullard**, **supra** at 387. A plaintiff is not required to file a copy of ten-day notice of intent to enter a default judgment prior to filing the Praecipe for entry of the default judgment; the rule requires only that a plaintiff attach to the Praecipe a certification stating that he or she complied with ten-day notice requirement. **Keller v. Mey**, 67 A.3d 1, 5 (Pa. Super. 2013); Pa.R.C.P. 237.1(a)(2)(ii) and (3).

Our review of the certified record indicates that the letter from Attorney Holland providing notice of Appellees' intent to file a Praecipe for the entry of a default judgment was sent to Appellant Aysentshteyn at 4700 Torresdale Avenue, and to A Impulse, Inc., at 4608 Torresdale. Appellant Aysentshteyn has never disputed he is the owner of A Impulse Auto, Inc. The Complaint itself lists both addresses. Contrary to Appellants' summary contention, the mailing of the Notice of Intent to both addresses is arguably not a defect at all, let alone a fatal one.

Accordingly, we conclude that the trial court properly determined that there was no fatal defect or irregularity appearing on the face of the record that precluded the Prothonotary from entering the default judgment.[4] Appellant's first issue garners no relief.

---

[4] Further, whether A Impuls Auto, Inc., actually does business at 4608 Torresdale is irrelevant when considering the ultimate issue: whether Appellants received timely notice of Appellees' intent to file a Praecipe to enter the default judgment. Appellants do not contend that they never received

**Issue 2 – Form of Notice of Praecipe to Enter Default Judgment**

Appellants next contend that "the notice used by Plaintiff departs significantly from the form required by Rule 237.5 and, in fact, uses an old form of notice which has long been replaced." Appellants' Brief at 11. Specifically, they assert that because the notice on the form failed to include a notation that the Bar Association may be able to provide names of agencies that could provide legal services at a reduced or no fee, there was "a fatal defect in the record that requires that the default judgment in this matter be stricken." *Id*. at 12. Their argument is specious, at best.

Pa.R.C.P. 237.5 provides that the Notice of Praecipe to Enter Judgment by Default "shall be substantially in the following form:"

(CAPTION)
To: _____
(Defendant)
Date of Notice: _____

IMPORTANT NOTICE

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.

_____

notice or that the notice was untimely. Moreover, Appellants provide no authority to support their bald contention that because original process was served on Appellants only at 4700 Torresdale that the mailing of the notice of intent to file a Praecipe to enter default judgment to both 4700 and 4608 Torresdale was improper.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.
IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

_____
(Name of Office)

_____
(Address of Office)

_____
(Telephone Number)
(Signature of Plaintiff or Attorney)
(Address)
*Note:* The office shall be that designated by the court under Rule 1018.1(c).

Pa.R.C.P. No. 237.5.

The Notice of Praecipe to Enter Judgment by Default sent to Appellants

in this case provided, in relevant part, the following:

**Notice, Rule 237.5**

**Notice of Praecipe to Enter Judgment by Default**

**IMPORTANT NOTICE**

You are in default because you have failed to enter a written appearance personally or by attorney and file in writing with the Court your defenses or objections to the claims set forth against you. Unless you act within ten days from the date of this notice, a judgment may be entered against you without a hearing and you may lose your property or other important rights. You should take this notice to a lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the following office to find out where you can get legal help:

Philadelphia Bar Association
Lawyer Referral and Information Service
1101 Market Street, 11th Floor

Philadelphia, Pennsylvania  19107
(215) 238-6333

This Notice does, in fact, contain the language Appellants now assert was missing, *i.e.*, it informs them that they can call the local bar association if they need a lawyer and/or cannot afford to hire one themselves.  While the form received by Appellants provided the Notice in both English and Spanish, side-by-side on one page in upper and lower case bold letters, rather than only in English and in all bold, capital letters, these differences do not render the record defective on its face so as to require the striking of the default judgment.

Appellants provide no citation to applicable precedential authority in support of their bald contention that the notice they received presents a fatal defect in the record.[5]  Further, Appellants have provided no examples of how the notice they received did not substantially comply with the form provided in Rule 237.5 and did not provide the same information required by Rule 237.5.  Thus, in addition to the specific factual basis of their claim being blatantly hollow, their argument is not developed in accordance with our rules of appellate procedure.  *See* Pa.R.A.P. 2101 (requiring conformance with rules of appellate procedure); 2111 (pertaining to content of appellate briefs); 2119

_____

[5] Appellants rely on a case issued by the Allegheny County Court of Common Pleas.

- 10 -

(pertaining to presentation and content of argument in appellate briefs).

Appellants' second issue warrants no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/19