J-S15031-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KIZZY HAYS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND ZIGLER | : | No. 14 WDA 2025 |

Appeal from the Order Entered December 23, 2024
In the Court of Common Pleas of Allegheny County Family Court at
No(s): FD-24-006926

BEFORE: OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED: June 10, 2025**

Kizzy Hays appeals, *pro se*, from the final protection from abuse (PFA) order issued in favor of Raymond Zigler and her minor child P.Z. (born 10/24) for a period of one year. Hays argues the court erred in entering the order because Zigler's paternity for P.Z. was not established, the court unfairly restricted Hays' presentation of her defense, the court prevented Hays' witness from testifying, the court denied Hays the opportunity to cross-examine Zigler, Zigler testified inconsistently, and the court erroneously overlooked a previous PFA case between the parties. After review, we affirm.

Only a short summary of the facts of this case is necessary for our disposition. On December 10, 2024, Zigler filed a PFA petition in favor of both himself and P.Z. and against Hays. On December 26, 2024, after a hearing,

_____

[*] Retired Senior Judge assigned to the Superior Court.

the court granted Zigler's petition. On December 27, 2024, Hays filed a notice of appeal. Hays filed a motion for reconsideration on December 30, 2024, which the court denied on February 3, 2025.[1] Thereafter, Hays and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925, wherein the court found that all of Hays' claims were waived for failure to raise them at the final PFA hearing.

On appeal, Hays raises the following issues for our review:

1. Lack of established paternity: despite the absence of presumed paternity, the court failed to establish paternity through voluntary acknowledgment or court order.

2. Limited defense opportunities: [Hays] was denied adequate opportunities to defend against the allegations.

3. Denial of witness testimony: the court refused to allow witness testimony, depriving [Hays] of crucial evidence.

4. Denial of cross-examination: [the court denied Hays] the right to cross-examine witnesses, further compromising [her] defense.

[5. Zigler's] inconsistent [] statements: [Zigler]'s allegations changed over time, casting doubt on their credibility.

[6.] Failure to consider relevant history: the court ignored relevant history between the parties, violating Pa.R.C.P. 1920.51 and 1930.4.

---

[1] Hays' motion for reconsideration and the court's denial thereof are nullities because Hays' earlier-filed notice of appeal divested the trial court of jurisdiction where the trial court **denied** reconsideration after the 30-day appeal period expired. ***See Skonieczny v. Cooper***, 37 A.3d 1211, 1212 n.2 (Pa. Super. 2012) (trial court divested of jurisdiction to rule on Skonieczny's motion for reconsideration where Skonieczny already filed notice of appeal and time for filing appeal expired).

Appellant's Brief, at 2-3 (unpaginated, restructured, unnecessary capitalization omitted).

"[I]n a PFA action, we review the trial court's legal conclusions for an error of law or abuse of discretion." *Mescanti v. Mescanti*, 956 A.2d 1017, 1019 (Pa. Super. 2008). An "abuse of discretion" is defined as follows:

> The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice[,] or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias[,] or ill[-]will.

*Id.* (citations omitted). As to issues of credibility and weight of the evidence, we defer to the trial judge who viewed and assessed the witnesses first-hand. *See id.* at 1019-20.

First, it is beyond cavil that issues not raised in the trial court are waived. *See Hood-O'Hara v. Wills*, 873 A.2d 757, 762 (Pa. Super. 2005); *see also* Pa.R.A.P. 302(a); *E.K. v. J.R.A.*, 237 A.3d 509, 522 (Pa. Super. 2020) (evidentiary issues waived for failure to lodge specific and timely objection at trial). Second, it is well-settled that claims generally may not be raised for the first time in a Rule 1925 concise statement. *See Morgan v. Morgan*, 117 A.3d 757, 762 (Pa. Super. 2015) ("appellants may not raise issues for the first time in a Rule 1925(b) statement"). Similarly, we have observed that "[r]aising an issue for the first time in a motion for reconsideration[ . . .] does

not rescue that issue from waiver." ***Meyer-Chatfield Corp. v. Bank Fin. Servs. Grp.***, 143 A.3d 930, 938 n.4 (Pa. Super. 2016).

After our review, we observe that, except for her first issue, each of Hays' claims on appeal challenges admission and/or consideration of evidence. However, Hays failed to raise a specific and timely objection at trial in connection with these discrete appellate claims. Accordingly, we must find each of her evidentiary issues waived, which leaves only her first claim as possibly reviewable. ***See*** Pa.R.A.P. 302(a); ***see also Hood-O'Hara***, ***supra***; ***E.K.***, ***supra***.

Nevertheless, at trial, Hays failed to raise **any** claim relating to paternity—her first claim on appeal—and only vaguely raised that issue in a single unconnected and unexplained sentence in her motion for reconsideration, which motion was a nullity. ***See supra***, at fn. 1; ***see also*** Motion for Reconsideration, 12/30/24, at 2 (unpaginated) ("Mother doesn't acknowledge [Zigler] as father."). Accordingly, we conclude Hays' first claim is waived because she only raised it for the first time in her Rule 1925 concise statement. ***See Morgan***, ***supra***; ***see also Meyer-Chatfield Corp.***, ***supra***. Accordingly, Hays is not entitled to relief on any of her issues on appeal.[2]

---

[2] Even if not waived, after our review, we would find each of Hays' claims is meritless. As it relates to paternity, on this record, we could find the doctrine of paternity by estoppel applies in favor of Zigler due to, *inter alia*, P.Z.'s name and Hays' decision to leave P.Z. in Zigler's care when she was incarcerated. ***See Vargo v. Schwartz***, 940 A.2d 459, 464 (Pa. Super. 2007) (explaining paternity by estoppel). Also, upon review of the hearing transcript, we are
*(Footnote Continued Next Page)*

Order affirmed.[3]

_____

satisfied that the court offered Hays plenty of fair opportunity to lay out her case and defense. Next, although we observe that Hays mentioned—in passing—that she had a witness who could testify in support of her claim, **see** N.T. PFA Hearing, 12/23/24, at 10-11, Hays never asked the court to call any witnesses, and we perceive no prejudice to her where she fails to explain any. Similarly, Hays never asked to cross-examine Zigler, and we similarly perceive no prejudice. To the extent that Hays claims Zigler made inconsistent statements that bear on his credibility, we are bound by the credibility determinations of the trial court. **See Mescanti**, **supra** at 1019-20. Further, we observe that Hays' complaints of inconsistency are not borne out in the record and are immaterial where she argues that: (1) initially, Zigler claimed Hays threatened to make his children orphans, but later stated she threatened to make her own children orphans; (2) Zigler's description of the physical altercation changed from stating that Hays grabbed him by the neck to his claim Hays tried to choke him; and (3) Zigler stated it wasn't the first incident, but later said it was the last incident. **See** Appellant's Brief, at 9 (unpaginated). As to the threat of orphaning children, these two statements can be viewed as essentially meaning the same since P.Z. is the child of both parties. As to the choking statements, it is clear that they mean the same thing as both are essentially allegations by Zigler of strangulation by Hays. Moreover, Zigler's statement that it wasn't the first time being choked can be read to have consistent meaning with his statement that it was the last time such an incident occurred. Finally, at no point did Hays seek to introduce evidence relating to other PFA proceedings at trial, and thus, the court could not have erred in failing to consider that evidence.

[3] We note that we could quash Hays' appeal because, aside from filing her brief late, Hays' brief fails in nearly every respect to conform to our Rules of Appellate Procedure. **See, e.g.**, **Rabutino v. Freedom State Realty Co., Inc.**, 809 A.2d 933, 937 n.3 (Pa. Super. 2002) (appellate court may quash appeal if appellant's brief violates Rules of Appellate Procedure); **see also** Pa.R.A.P. 2101 (appellate briefs must "conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter may be quashed or dismissed"). Specifically, at a minimum, Hays' brief lacks: (1) a statement of jurisdiction; (2) the order in question; (3) a statement of both the scope of review and the standard of review; (4) a

*(Footnote Continued Next Page)*

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/10/2025

---

statement of the case; (5) a summary of the argument; and (6) a short conclusion stating the precise relief she seeks. ***See*** Pa.R.A.P. 2111.

Further,

> although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent h[er]self in a legal proceeding must, to a reasonable extent, assume that h[er] lack of expertise and legal training will be h[er] undoing.

***S.S. v. T.J.***, 212 A.3d 1026, 1032 (Pa. Super. 2019) (citations, quotation marks, and brackets omitted).

Here, Hays has failed to cite to any authority in support of her arguments and has only minimally developed them on appeal. ***See, e.g.***, ***Smathers v. Smathers***, 670 A.2d 1159, 1160 (Pa. Super. 1996) (***quoting Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982) ("When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.")); ***see also*** Pa.R.A.P. 2119.